THE STATE, DEFENDANT IN ERROR, v. PAUL SCHWARZ-
BACH, PLAINTIFF IN ERROR.

Submitted December 9, 1912—Decided March 3, 1913.

1. On indictment for adultery the jury returned a verdict of "guilty
of attempt adultery." As the trial court would have the right
to mold the verdict to express the conviction with technical ac-
curacy as "guilty of an attempt to commit adultery," the con-
viction, being otherwise legal, will not be reversed.

2. The attempt to commit a crime is an act done, beyond mere
preparation, with intent to commit it, but falling short of its
actual commission. Furthermore, to constitute an attempt to
commit a crime there must be an overt act directly moving
toward its commission, and the overt act must be such as will
apparently result, in the usual and natural course of events, if
not hindered by extraneous causes, in the commission of the
crime itself.

3. Preparation for adultery necessarily consists of such preliminary
arrangements as appointing the time and place of meeting, and
repairing to the rendezvous; but, after the parties are met and
are disrobed or disrobing, and nothing but an extraneous cause,
namely, one not moving from themselves, prevents the accom-
plishment of the intended criminal purpose, then the offenders
have progressed beyond the stage of preparation and are actually
engaged in the attempted commission of crime.

4. While prior to the enactment of the Criminal Procedure act
(Revision of 1898), (Comp. Stat., p. 1834, § 43), a defendant
could not be convicted of an attempt to commit a crime without
having been acquitted of the commission of the crime itself, yet
now, when the evidence fails to show that a defendant com-
mitted the crime charged against him but that he is guilty of an
attempt to commit the same, the jury are at liberty to return a
verdict of guilty of an attempt to commit the crime, without
acquitting the defendant of the commission of the crime itself.

On error to the Supreme Court.

For the plaintiff in error, *Hugo Woerner.*

For the defendant in error, *Wilbur A. Mott,* prosecutor of
the pleas.

The opinion of the court was delivered by

WALKER, CHANCELLOR. On indictment for adultery the defendant was convicted of an attempt to commit that crime. The verdict was inartistically expressed as "guilty of attempt adultery." The trial court would have the right to mold the verdict to express the conviction with technical accuracy as "guilty of an attempt to commit adultery." Although we may not correct it here, a conviction, being otherwise legal, will not be reversed on such a technicality. *State* v. *Jankowski,* 53 *Vroom* 229. The trial court entered a proper judgment—that is, such a one as would be entered on a technically accurate verdict, and therefore the judgment will not be disturbed on account of the form of the verdict.

The point seriously made on behalf of the defendant is that the acts of the defendant did not constitute an *attempt* but only *preparation* to commit the offence.

The facts were these: The defendant, Schwarzbach, repaired to the house of one Liehr during his absence, knowing him to be absent, and was surprised by Liehr in the bedroom with his wife after midnight. Mrs. Liehr was sitting on the bed in her nightgown. Alongside of the bed was Schwarzbach disrobing. He had his hat, coat and shoes off and his left suspender strap hung down and he was evidently about to remove his trousers. There is no question but that Mrs. Liehr was a willing party. In fact, she was jointly indicted and convicted with Schwarzbach.

An attempt to commit a crime is an act done with intent to commit it beyond mere preparation, but falling short of its actual commission. 12 *Cyc.* 177.

In *Graham* v. *People,* 181 *Ill.* 477, 488, the Supreme Court of Illinois said: "All the authorities * * * describe an attempt to commit a crime as consisting of three elements, to wit, the intent to commit the crime; performance of some act towards the commission of the crime; and the failure to consummate the commission."

Furthermore, to constitute an attempt to commit a crime something more than mere preparation is essential; there

must be an overt act directly moving 'toward the commission of the crime. 12 *Cyc.* 178.

This court, in *Sipple* v. *State,* 17 *Vroom* 197, which in-, volved an attempt to commit a crime, held: "The overt act or acts must be such as will apparently result, in the usual and natural course of events, if not hindered by extraneous causes, in the commission of the crime itself. Mere preliminary preparations are not the overt acts required."

Now, *preparation* for adultery necessarily consists of such preliminary arrangements as appointing the time and place of meeting, and repairing to the rendezvous; but, after the parties are met and are disrobed or disrobing, and nothing but an extraneous cause, namely, one not moving from themselves, prevents the accomplishment of the intended criminal purpose, then surely the offenders have progressed beyond the stage of preparation and are actually engaged in the attempted commission of crime.

It is also contended by the plaintiff in error that he should not have been convicted of an attempt to commit the crime of adultery without having been acquitted of the crime itself. This was true before the enactment of the Criminal Procedure act (Revision of 1898). *Comp. Stat., p.* 1834, § 43.

The case of *Marley* v. *State,* 29 *Vroom* 207, is relied upon by the plaintiff in error. That case decided that, under the Criminal Procedure act as it then stood, when a defendant was charged with a crime the jury should be at liberty to find him *not guilty* of the felony or misdemeanor charged, but guilty of an attempt to commit the same. *Gen. Stat., p.* 1130, § 52.

The case of Marley *v.* State was decided in 1895, and the legislature three years later (1898), in revising the Criminal Procedure act, struck out the requirement that a person could only be convicted of an attempt to commit the crime charged when the jury acquitted him of the principal offence, and made provision that when the evidence failed to show that the defendant committed the crime charged, but that he was guilty of an attempt to commit the same, the jury should be

at liberty to return as their verdict that he was guilty of an attempt to commit the crime. *Comp. Stat., supra.*

The other errors assigned are without merit. The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, MINTURN, BOGERT, VREDENBURGH, CONGDON, TREACY, JJ. 11.

*For reversal*—None.