# Commonwealth, Appellant, *v.* Greevy.

*Appeals — Criminal law — Discharge of prisoner by Superior Court.*

1. An order of the Superior Court, discharging, without day, a defendant sentenced by a criminal court, will not prevent the Supreme Court from reviewing the order, reversing the discharge and affirming the sentence.

*Pleading—Demurrer—Criminal law.*

2. A demurrer only admits facts properly pleaded, and this necessarily excludes such as are not susceptible of proof, if issue be joined on the plea.

*Jury—Examination of jurors—Reason for verdict—Public policy.*

3. Public policy forbids the examination of jurors as to the reasons for their verdict.

*Criminal law—Former acquittal—Record—Murder—Intention.*

4. The question of whether a former acquittal was for the same offense depends solely upon the record pleaded, and not on arguments or inferences deduced therefrom.

5. An acquittal of a charge of murder is not a defense to another indictment for involuntary manslaughter, even though the evidence is exactly the same in the two cases.

6. An acquittal on an indictment for murder does not establish the fact that there was no unlawful killing; it only determines that there was no intent to wound or kill, but not that death did not result from a reckless or careless act of the defendant.

*Criminal law—Murder—Res adjudicata—Defenses.*

7. In later suits between the same parties, every fact necessarily found in reaching a prior verdict and judgment, is as conclusively established as the ultimate fact itself; but defenses made in the earlier suit, which were not necessarily found to be true in order to render the verdict and judgment therein, are not established thereby.

*Criminal law—Murder — Involuntary manslaughter — Record— Former acquittal.*

8. It is not necessary in order to sustain an indictment for involuntary manslaughter, after an acquittal of a charge of murder, that the record in the murder trial should show defendant was

acquitted upon grounds which would render him liable to prose-
cution for involuntary manslaughter.

9. Where a plea of former acquittal has been heard and deter-
mined upon the merits, a defendant cannot require it to be again
considered by again interposing it in a different form.

*Appeals—Assignments of error—Excerpts from opinion disposing
of motion.*

10. Excerpts from an opinion disposing of a motion, cannot prop-
erly be assigned for error; the judgment upon the motion is the
only thing which can be reviewed.

*Criminal law—Former acquittal—Pleading—Burden of proof—
Record—Evidence—Failure to ask instructions—Appeals.*

11. A defendant who pleads former acquittal has the burden of
proof of establishing the truth of his plea.

12. Where, after a plea of former acquittal has been disposed of
on the merits, the defendant pleads it a second time in the same
case, but does not require a traverse thereof, does not offer in evi-
dence the record of the previous trial which it is alleged sustains
the plea, does not refer to the plea during the present trial, and
when asked at the close of the charge if he desires any further in-
structions, fails to call attention to the fact that nothing has been
said or done on this point, the judgment below will not be reversed
because the plea was not formally disposed of.

*Appeals—Assignments of error—Criminal law—Sentence.*

13. A specification of error to a sentence imposed, will be dis-
missed if the case was one then ripe for judgment and the sentence
itself is in conformity with the law.

Argued April 18, 1921. Appeal, No. 302, Jan. T.,
1921, by plaintiff, from judgment of Superior Court, Oct.
T., 1920, No. 106, reversing judgment of Q. S., Blair Co.,
Oct. T., 1919, No. 30, on verdict of guilty of manslaugh-
ter, in case of Commonwealth v. Walter S. Greevy. Be-
fore MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON,
KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Appeal from Superior Court. See 75 Pa. Superior
Ct. 116.

The opinion of the Supreme Court states the facts.

The Superior Court reversed the conviction. The
Commonwealth appealed.

*Errors assigned* are stated in the opinion of the Supreme Court.

*Marion D. Patterson,* for appellant.—The failure of the Commonwealth to convict of higher crime does not preclude her from establishing a less crime, even though arising from the same state of facts.

In Pennsylvania there can be no conviction of involuntary manslaughter upon an indictment for murder: Walters v. Com., 44 Pa. 135; Com. v. Gable, 7 S. & R. 423.

It is interesting to note the distinction made by the courts of Pennsylvania between a plea of former jeopardy and a plea of former acquittal. Article I, section 10, of the Constitution provides that no one shall, for the same offense, be twice put in jeopardy of life or limb. This has been interpreted by the courts as being applicable only to capital offenses: McCreary v. Com., 29 Pa. 323. Furthermore, a verdict is not essential to sustain such a plea since jeopardy attaches when the jury is impanelled and sworn: McFadden v. Com., 23 Pa. 12. In offenses less than capital, it is held that the common law plea of former acquittal is a bar to a subsequent prosecution for the same crime: Dinkey v. Com., 17 Pa. 126. Thus, in the principal case, in view of these distinctions, since involuntary manslaughter is not a capital offense in Pennsylvania (Act March 31, 1860, P. L. 382, section 79), the plea of former jeopardy would not have been a bar even though the offenses in both indictments had been the same.

*R. A. Henderson,* with him *J. F. Sullivan, Morgan J. Sheedy* and *James Gay Gordon,* for appellee.—Where an acquittal on a first prosecution negatives facts essential to a second prosecution, a plea of autrefois acquit must prevail: Com. v. Cuff, 34 Pa. C. C. R. 454.

OPINION BY MR. JUSTICE SIMPSON, July 1, 1921:

Defendant was charged with the murder of one Edward Steckroth, of which crime he was tried and acquitted; subsequently he was indicted for involuntary manslaughter, in killing the same person, of which offense he was convicted. On the day of the trial of the last-named indictment, the accused interposed a special plea setting forth facts which he alleged were necessarily involved in his acquittal in the murder case, and were likewise essential to proof of his guilt of involuntary manslaughter. The Commonwealth demurred to this plea, and the demurrer was sustained. Defendant thereupon, on the same day, pleaded a short plea of former acquittal and also one of not guilty. Upon the latter plea issue was joined, but, so far as appears, it was not as to the former. Defendant was found guilty, but moved in arrest of judgment, inter alia, because no verdict was rendered on his short plea of former acquittal. The court of quarter sessions dismissed the motion and imposed sentence; whereupon an appeal was taken to the Superior Court, which reversed the judgment and discharged the defendant without day, (1) because judgment should have been entered in his favor on the demurrer to his special plea, and (2) because there was no verdict upon the outstanding short plea of former acquittal.

Upon application of the Commonwealth, we allowed an appeal from the judgment of the Superior Court; and, in addition to the matters there decided, defendant now claims that his discharge without day deprives us of all right to proceed with the appeal. In answer to this latter point, it is only necessary to call attention to section 9, of the Act of June 24, 1895, P. L. 217, which provides that on appeals from the Superior Court "the whole proceeding shall be brought thereby within the jurisdiction and power of the Supreme Court, who may enter therein such judgment, order or decree as may be just, except that it may not increase (although it may

reverse) a sentence upon an indictment." This decides adversely to defendant the question last referred to, and calls upon us to determine what "judgment, order or decree" the Superior Court should have entered; and, if it erred, to enter a "just" judgment here.

Upon the first point decided by the Superior Court, viz, Should judgment have been entered for defendant on the demurrer of the Commonwealth to his special plea of former acquittal? he goes a step beyond that tribunal, and alleges that since, as a legal proposition, the demurrer admitted the facts pleaded, among which was an averment that the verdict in the murder case concluded the issue here, this alone entitled him to judgment on his special plea. There is, however, a vital difference between the rule of law as he thus states it, and as it in fact is; for a demurrer only admits facts properly pleaded, and this necessarily excludes such as are not susceptible of proof, if issue is joined on the plea. The present case is illustrative of the necessity for this rule, for, had the Commonwealth traversed the plea, no evidence would have been admissible except the record in the prior case, and that alone would not sustain the plea. Public policy forbids the examination of jurors, as to the reasons for their verdict, and this was frankly admitted at bar. It follows that defendant's contention upon this point must be overruled.

For the reasons stated in the able and interesting opinion of the Superior Court, it correctly decided that "the evidence in the murder trial is not before us, we can, therefore, consider only the record proper, which consists of the indictment, the pleadings, the issue thereby formed and the verdict"; but, when thus considered, the Superior Court's judgment is directly contrary to our decision in Hilands v. Com., 114 Pa. 372. Though the defendant in the Hilands Case was convicted of murder on the first trial, and we subsequently held the court should have directed his acquittal, yet we significantly said: "If we regard the result of the first trial as the

equivalent of an acquittal of the charge of murder, which is stating it in the most favorable form for the plaintiff, it does not help him.  It does not follow because the crime charged may not in law amount to felonious homicide, that it may not constitute a misdemeanor, and be punishable as involuntary manslaughter.  The failure of the Commonwealth to convict of the higher crime does not preclude her from establishing a lesser crime, even though arising from the same state of facts.  The evidence necessary to establish involuntary manslaughter is essentially different from that required to support an indictment for murder."  To which may be added that in this, as in all other cases, "the question whether the former acquittal was for the same offense depends upon the record pleaded, and not on the arguments or inferences deduced therefrom": Com. v. Shoener, 216 Pa. 71.

In an endeavor to avoid this conclusion, the Superior Court fell into two plain errors.  It treated the acquittal in the murder case as showing defendant was presumptively found to be not guilty of "the fact of any unlawful killing," and added: "If a defendant is to be tried twice for the same fact [which statement begs the question], it is but just that he should have the right to insist that the record upon the trial for the felony must show that he was acquitted upon grounds which rendered him liable to subsequent prosecution for the misdemeanor, when the Commonwealth puts him on trial for that misdemeanor."  In the murder case, however, defendant was neither indicted, tried for nor acquitted of merely an "unlawful killing," but of a killing "feloniously, wilfully, and of his malice aforethought," which essentials are not necessary to be proved in an indictment for involuntary manslaughter, as was carefully pointed out in Hilands v. Commonwealth, supra.

The distinction just pointed out is essential to the due administration of the criminal law, as perhaps cannot better be established than by calling attention to the fact that, on his trial for murder, defendant presented

the following point, which was affirmed: "If the jury find from the evidence that the defendant did not intend to kill or injure the deceased but under the circumstances did discharge the revolver recklessly or carelessly, and his act was unlawful, the offense could not be higher than involuntary manslaughter, and as that crime is not charged in the indictment, the verdict in this case should be not guilty"; and the further fact that, on his trial in the instant case, he presented the following point which was also affirmed: "If the jury believe that the defendant shot to either wound or kill the deceased, then the verdict must be not guilty under this indictment." For all we can ever know, the affirmance of the point first above quoted may have resulted in defendant's acquittal of the charge of murder; and certainly the two points taken together show not merely a clear comprehension by defendant of the essential difference between the two charges, but also are in accord with each other. The two verdicts establish alike the absence of an intent to wound or kill, and the second establishes a reckless or careless killing, which, at defendant's request, was excluded as the basis of a verdict of guilty in the first, or murder, trial.

This comparison also shows clearly the fallacy of defendant's argument that there was some fact established in his favor at the murder trial which was essential to his conviction of involuntary manslaughter. Every one admits that res adjudicata conclusively determines not only the utlimate fact established by a verdict and judgment, but every other fact necessarily found in reaching the conclusion as to that ultimate fact; but this does not mean, as defendant asserts, that every defense he interposes is established, for he cannot point to any one of those defenses, and say it was upheld by the jury. Nor does it follow that because the evidence is the same in the two cases,—even if we assume there was not the slightest difference,—that the defeating of one action concludes also the other. In each case there was an inference to be

drawn by the jury from the evidence; to convict in the first it would have had to infer an intent to wound or kill, which it refused to do; to convict in the second it had to infer there was no intent to wound or kill, which it did, thereby agreeing with the first jury. The inference, in each case, however was for the jury, and not for the court; and the fact that the evidence was the same in each, does not alter this, but, on the contrary, strengthens the conclusion of the accuracy of the last finding, since two juries, on the same evidence, have reached a like conclusion, viz, that there was a reckless or careless killing and not an intentional one.

The decision in Altenburg v. Commonwealth, 126 Pa. 602, agrees with and does not antagonize the above conclusion. The defendant there was first indicted for, and acquitted of, selling liquor on certain specified days, and was afterwards indicted for selling liquor to intoxicated persons on the same dates. Of course if he did not sell liquor at all on those days, he could not have then sold it to intoxicated persons, and hence autrefois acquit was a proper plea. Here, however, defendant admittedly killed Edward Steckroth, and an acquittal of intentionally killing him does not prove innocence of a reckless or careless killing.

The suggestion in the above-quoted extract from the opinion of the Superior Court, that the record in a murder case "must show that [defendant] was acquitted upon grounds which rendered him liable to subsequent prosecution for the misdemeanor," not only begs the question, as we there interpolated, and not only shifts from defendant to the Commonwealth the burden of proof of a former acquittal (Com. v. Brown, 28 Pa. Superior Ct. 296, 300), but it also requires the Commonwealth to prove that which is wholly irrelevant to the issue, and to make up a record for later use in a case which did not then and may never exist. Furthermore, it compels the defendant to endeavor to acquit himself of a crime for which he is not being tried, and places him

under the burden, if later he is indicted therefor, of convincing the second jury that the first one erred, for, even with the utmost care, the finding of a jury at a previous trial, somehow finds its way into the jury room. In this State, and, so far as can be ascertained, everywhere else in this country, there never has been such a requirement, and surely, in these later days, when the public is wisely demanding decisions on the merits and not on technicalities, we would be most unwise in prescribing it.

The other point sustained by the Superior Court, viz, that, since there was no verdict formally rendered on the short plea of former acquittal, defendant could not be sentenced for the crime of which he was convicted, is fully answered by the fact that none of the assignments of error raise this question. Excerpts from the opinion of the court of quarter sessions, in considering the motion in arrest of judgment, are quoted and assigned, but the motion itself and the order thereon is not. Moreover, if this was waived, the judgment of the Superior Court, if founded upon this point alone, would be erroneous; for it not only reversed the sentence, but also discharged the defendant without day. Besides, even if we overlook this also, the cases of Commonwealth v. Demuth, 12 S. & R. 389, and Solliday v. Com., 28 Pa. 15, relied upon by that court, do not control here, since defendant in fact had that which those cases say he was entitled to have, viz, a decision on his plea of former acquittal before a trial on his plea of not guilty. The time has long since passed, if it ever existed, when a defendant, having had his special plea of former acquittal heard and decided, and an exception allowed him to the ruling thereon, can simply, by filing the same plea over again, in short form, require it to be retried. The cases relied on give no sanction to such a contention, nor will we. The defendant was and is entitled to have every substantial right of his duly protected, but the Commonwealth has an equal right of protection, and neither

of them has ever had the right to a second trial of a question, once decided, the adjudication whereof stands unappealed from and unreversed.

If the plea of former acquittal was still an issue in the case, and before the jury to be decided, the burden of proof of sustaining it, as already pointed out, was upon the defendant, and he offered no evidence on the subject. He offered in evidence the record in the murder case, on the consideration of his special plea, but he did not even do this at the trial, though he says the jury was bound to return a verdict on the plea of former acquittal, as well as on that of not guilty. Moreover, as stated above, the question was then res adjudicata; had the trial judge's attention been called to the plea, he would have been compelled to instruct the jury that the verdict thereon must be in favor of the Commonwealth; and surely it cannot be reversible error that he did not do that which would have been of no benefit to appellant. The court of quarter sessions says, in its opinion refusing to arrest the judgment, that "it is conceded upon the part of defendant that the objection [now made] is highly technical"; it is too "highly technical," under the circumstances detailed, to be available to defendant. Having had his plea of former acquittal once considered and passed upon before trial on his plea of not guilty, he was not entitled to file it over again and have it considered and decided a second time before trial,—for it must be remembered his claim is that this should have been done before a trial on the merits. Had he been allowed this, he could, if the argument now made is valid, have interposed it a third time with the same result, and so on indefinitely.

It is impossible to read the record brought up by defendant on his appeal, without concluding that the sole purpose of the short plea of former acquittal was to protect him in case it should be held the special plea, which was prepared under common law practice and not in the form prescribed by section 30 of the Act of March 31,

1860, P. L. 427, was invalid, because of noncompliance with that form. Had defendant felt a new issue was in fact raised thereby, doubtless he would have insisted on the Commonwealth joining issue thereon, and on its being disposed of first, but, apparently, he was content that it traverse only the plea of "not guilty"; had he believed this alleged new issue was being considered during the trial then under way, the record would somewhere disclose the fact, but it does not; having treated the second plea as not requiring a trial or verdict, he cannot complain because the court below did likewise. This record bears out the fact stated in the opinion of the trial court, that "counsel frankly admitted the question of having the jury pass separately upon this special plea arose long after the trial of the case," especially as this point was not suggested until the motion in arrest of judgment was filed, exactly one month after the verdict was rendered, though the fact that counsel so admitted, but this only, is denied.

It is true, four requests were presented for charge, which related to the identity of the evidence on the two trials; they did not refer to the present point in any way, however, but only alleged "there can be no conviction under the indictment," and "the verdict of the jury must be not guilty"; and hence related only to the issue raised by the latter plea. This conclusion is, moreover, strongly buttressed by the fact that, at the end of the charge, "the court asked counsel if they desired any further instructions to the jury, [and] none was requested." For all the reasons stated this matter must also be decided against the defendant.

It remains to review the other assignments of error filed in the Superior Court, which tribunal says it did not consider them, but (in view of our conclusions above expressed) we must do so, in order to determine whether or not prejudicial error appears. If any of them raised a question of an important or doubtful character, we would exercise the option given by section 9

of the Superior Court Act of June 24, 1895, P. L. 217, and return the record to that court for consideration in the first instance; but, since none does, we will decide them ourselves, and remit the record directly to the court of quarter sessions.

The only exception to the charge is a general one, and, under such circumstances, nothing but basic and fundamental errors will be reviewed: Sikorski v. Phila. & Reading Ry. Co., 260 Pa. 243. In the present instance, not only does nothing fundamentally and basically erroneous appear thereby, but, on the contrary, the extracts from the charge, quoted in the first five assignments, are not even slightly or technically inaccurate, and are probably assigned solely because of their relation to the main question hereinbefore decided, which, itself, is raised in varying forms by the 6th, 7th, 8th and 9th assignments. The 10th and 11th challenge the refusal to give binding instructions to acquit, and, for the reasons hereinbefore stated, could not have been properly affirmed. The 12th, 13th, 14th, 15th, 16th and 17th assignments quote and allege error in excerpts from the opinion of the court in overruling the motion in arrest of judgment, and these must fail, not only because the rulings of the court, and not its reasons, must be assigned as error, if review is desired, but because also the law is correctly stated therein.

The 18th and last specification of error is to the sentence of the accused; this assignment must also be overruled since the case was ripe for judgment when imposed, and the sentence itself is in conformity with law: Com. v. Hudson, 269 Pa. 176.

The judgment of the Superior Court is reversed, the judgment and sentence of the Court of Quarter Sessions of the Peace of Blair County is reinstated and affirmed, and the record is remitted to the last-named court with directions to take all necessary steps to carry the sentence into effect.