# Commonwealth *v.* Epstein, Appellant.

*Criminal law — Seduction — Conviction of fornication growing out of same act—Trials—Pleas of autrefois convict.*

On the trial of an indictment for seduction, a plea of autrefois convict on a charge of fornication growing out of the same act of the parties is sufficient to prevent a conviction.

While the plea is sufficient to prevent a conviction on the charge of seduction, where the parties have been guilty of various acts of illicit sexual intercourse, the defendant cannot be discharged, because the jury could find him guilty of fornication, and under such circumstances, a new trial will be granted.

Argued November 21, 1923.  Appeal, No. 308, Oct. T., 1923, by defendant, from judgment of Q. S. Phila. Co., Nov. T., 1922, No. 290, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Edward Epstein.  Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Reversed.

Indictment for seduction.   Before BONNIWELL, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed.   Defendant appealed.

*Errors assigned* were, among others, overruling special plea of autrefois convict, the charge of the court and overruling defendant's motion in arrest of judgment.

*John McClintock,* for appellant, cited: Com. v. Montross, 8 Pa. Superior Ct. 237; Heikes v. Com., 26 Pa. 514; Com. v. Rockafellow, 3 Pa. Superior Ct. 588; Com. v. Trimmer, 84 Pa. 65; Com. v. Veley, 63 Pa. Superior Ct. 489; Com. v. Demuth, 12 S. & R. 391; Com. v. Greevy, 271 Pa. 95; Dinkey v. Com., 17 Pa. 126; Com. v. Arner, 149 Pa. 35; Nicholson v. Com., 91 Pa. 390; Com. v. Wible, 2 Pa. D. & C. Rep. 467.

*James W. Tracey, Jr.,* Assistant District Attorney, and with him *Samuel P. Rotan,* District Attorney, for appellee, cited: Com. v. McCarty, 2 Clark 351.

OPINION BY ORLADY, P. J., March 14, 1924:

The indictment charges that the defendant on the 22d day of June did unlawfully seduce one Rose Snyderman. At the trial the defendant entered a special plea of former jeopardy representing that he had theretofore been charged with fornication and bastardy, and upon being placed on trial had entered a plea of guilty of fornication, which plea was accepted and sentence was duly passed, and that the present indictment grew out of the same occurrences as that upon which the former indictment was based.   When the special plea was entered there was some discussion which ended by the court very properly deciding that in order that the facts might appear, the matters involved in the special plea should be submitted to the jury.   Apparently the defend-

ant took a contrary view for an exception was noted for him. Witnesses were called and the matter proceeded until, without any definite stage in the proceeding having been reached, the court announced, "I will overrule that plea." The counsel for defendant thereupon made a motion for his discharge, which was declined. The court ordered the prisoner to be arraigned, who, thereupon, pleaded not guilty. The court stated, "I suppose you will agree that the testimony already taken will be as if a plea of not guilty had been entered." The defendant's counsel objected to this, the court stated, "Then I will withdraw a juror and commence the case over again." Counsel for the defendant then addressed the court: "It is my position under the cases a special plea is addressed to your Honor; the defendant is entitled, not only to the benefit of the record, but also to any oral evidence tending to show that he is being placed on trial." Mr. Tracey: "We should hear the Commonwealth's testimony in order to determine that." Defendant's counsel: "I will agree, then, to proceed as if a plea of Not Guilty had been entered at the beginning of the trial." The Court: "Without prejudice to your client." The case then proceeded and a verdict of guilty rendered.

The court charged as follows: "Now the defendant rests his case upon a provision in the law which provides that a man may not be put in jeopardy twice for the same offense. That is sound law. If you find that the act of seduction was the same act to which the defendant pleaded guilty to fornication, then it would be your duty under the law to acquit him, because he has already been convicted of that offense, but if you find from this testimony that not merely upon this one occasion in March or thereabouts when this occurred and the defendant admits he had illicit intercourse with her, as a result of which the bastard child was born, if you find there were other occasions, either prior or subsequent to that when under persuasion of a promise to marry the man had intercourse with this girl, it would constitute a

seduction, as I understand it, upon each and every occasion, and if that is the fact and you so find it, then you should find a verdict as asked for by the Commonwealth." If the seduction occurred prior to the time of the fornication to which defendant pleaded guilty in the former indictment, his plea would avail him nothing. For every act of fornication was a separate offense, and did not involve the question of a former seduction. The prosecutrix, however, testified that the fornication and bastardy charge to which defendant pleaded guilty as to fornication was based on intercourse which took place on March 23, 1921, and that was the first intercourse he had with her. This does away with any seduction prior to that. We are met with the proposition advanced by the court that although the defendant cannot be tried for the seduction of March 23, 1921, he is still amenable to the charge of subsequent seductions occurring frequently thereafter upon which occasions the defendant invariably promised the prosecutrix to marry her. The case which, it is argued, supports the position taken by the court is found in 2 Clark 135, where it was said that: "It is not intended to hold as a doctrine of the law, that a single error places a female beyond the protection of this benign act of assembly. The youthful error may be repented of and forgiven, and the penitent may be sincerely walking in the fear of God, and in the path of virtue, and enjoying the esteem of her acquaintance. If so, he who leads her astray may be guilty of seduction." This does not support the position that a man may sustain illicit sexual relations with a woman, under the repeated promises of marriage and be guilty of seduction each time the parties have intercourse. It is only when a woman reforms and there is evidence of the sincerity of her reformation that she can again be seduced. She cannot be in the habit of yielding herself to the same man, and be considered as walking in the path of virtue at short intervals between her lapses. The court was wrong in its view of the law. This is the only

matter in the case that is controverted.   The district attorney admits that "a conviction for fornication based on the act of intercourse which took place on March 23, 1921, could not, of course, be tried on the indictment for seduction under promise of marriage found upon the same act of intercourse."   The Commonwealth's reliance was on subsequent acts and promises.   These could not be introduced to support the charge.   As to this, the Commonwealth's case entirely fails and the defendant would be entitled to his discharge were it not that although he cannot be convicted of seduction, he may nevertheless, if the jury believe the prosecutrix, be found guilty of fornication.

The judgment is reversed with a venire.