## Commonwealth *v.* Robinson, Appellant.

*Criminal law—Assault and battery with intent to rape—Mis-
demeanor—Rape—Felony—Conviction of felony—Proof of felony
—Indictment for misdemeanor.*

Where a bill of indictment charges assault and battery with
intent to ravish, and the alleged victim testified at the trial that
the defendant actually penetrated her person, a verdict of guilty
for assault and battery with intent to ravish will be sustained.

If, upon the trial of any person for any misdemeanor, it shall
appear that the facts given in evidence amount in law to a felony,
such person shall not by reason thereof be entitled to an acquittal
for such misdemeanor; and no person tried for such misdemeanor
shall be liable to be afterwards prosecuted for the felony on the
same facts, unless the court before whom such trial may be had
shall think fit, in its discretion, to discharge the jury from giving
any verdict, upon such trial, and direct such person to be indicted
for a felony.

If the evidence disclosed that the defendant had succeeded in
accomplishing his unlawful intention, and had been actually
guilty of the felony, he did not by reason thereof become entitled

to an acquittal upon his trial for the misdemeanor charged in the indictment, which was an essential element of the felony.

Argued March 16, 1925.　Appeal. No. 47, Oct. T., 1924, by defendant, from judgment of Q. S. Bucks Co., Sept. Sessions, 1924, in the case of Commonwealth of Pennsylvania v. Thomas Robinson.　Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.　Affirmed.

Indictment for assault and battery with intent to ravish.　Before RYAN, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed.　Defendant appealed.

*Error assigned* was, among others, the charge of the court and refusal to direct a verdict in favor of the defendant.

*John L. DuBois,* for appellant, cited: Kelly v. Com., 1 Grant (Pa.), 484; Com. v. Tadrick, 1 Pa. Superior Ct. 555; Com. v. Flaherty, 25 Pa. Superior Ct. 492; Com. v. Puretta, 74 Pa. Superior Ct. 463; Com. v. Stefancxyk, 77 Pa. Superior Ct. 27.

*Hiram H. Keller,* District Attorney, for appellee.

PER CURIAM, April 28, 1925:

The appellant was convicted in the court below, after trial, upon an indictment which charged that he did commit an assault and battery upon a young woman, named, with intent forcibly and against her will, to have unlawful carnal knowledge of such female.　The appellant thus states the only question alleged to be involved in this appeal: "If a bill of indictment charges assault and battery with intent to ravish and the alleged victim testifies at the trial that the defendant actually pene-

trated her person, can a verdict of guilty for assault and battery with intent to ravish be sustained?" The indictment was drawn under section 93 of the Criminal Code of March 31, 1860, P. L. 405, and the offense charged was a misdemeanor. The contention of the appellant is that the offense charged being a misdemeanor, when the facts given in evidence amount in law to a consummated felony, in this case rape, there could be no conviction of the misdemeanor charged in the indictment. The question alleged to be involved is answered by the Criminal Procedure Act of March 31, 1860, sec. 51, P. L. 442, in the following manner: "If upon the trial of any person for any misdemeanor, it shall appear that the facts given in evidence amount in law to a felony, such person shall not by reason thereof be entitled to be acquitted of such misdemeanor; and no person tried for such misdemeanor shall be liable to be afterwards prosecuted for felony on the same facts, unless the court before whom such trial may be had shall think fit, in its discretion, to discharge the jury from giving any verdict upon such trial, and direct such person to be indicted for felony." This provision of the statute is so distinct and explicit that further discussion is rendered unnecessary. If the evidence disclosed that the appellant had succeeded in accomplishing his unlawful intention, and had been actually guilty of the felony, he did not by reason thereof become entitled to an acquittal upon his trial for the misdemeanor charged in the indictment, which was an essential element of the felony.

The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.