Commonwealth, Appellant, *v.* Moon, Appellant.

556

Argued December 7, 1942.

Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

557

*Louis L. Kaufman,* with him *Russell H. Adams,* District Attorney, and *Earle T. Adair, 2nd* Assistant District Attorney, for appellant No. 183 and appellee No. 190.

*Lee C. McCandless* and *James H. Gray,* with them *James D. Gray,* for appellee No. 183 and appellant No. 190.

OPINION BY RHODES, J., February 26, 1943:

Defendant was indicted for assault and battery with intent to ravish. He was convicted.

The Commonwealth has appealed from the arrest of judgment.

Defendant has appealed from the refusal of a reargument of motion for a new trial; and his position is that if judgment is not arrested a new trial should be granted.

The Commonwealth's appeal (No. 183, April Term, 1943) and defendant's appeal (No. 190, April Term, 1943) will be considered together in this opinion.

A history of the case may be given chronologically as follows: On January 11, 1938, at No. 383, January Sessions, 1938, defendant was indicted on a charge of adultery committed with Mildred Castor on December 9, 1937. On March 8, 1938, a jury returned a verdict

of not guilty, and directed that defendant pay the costs, which he did. The case was tried before LESHER, P. J., of the 18th Judicial District, specially presiding. Subsequently the grand jury found a true bill (No. 62, April Sessions, 1938) against defendant, charging that he, on December 9, 1937, "unlawfully and feloniously did make an assault, on her, the said Mildred Castor, [and] then and there did beat, abuse and ill treat, with intent then and there to have unlawful carnal knowledge of [her] body ...... forcibly and against [her] will ......" On this indictment defendant was brought to trial on April 13, 1938, before CULVER, P. J., of the 42d Judicial District, specially presiding. He thereupon entered a plea of autrefois acquit, based on his acquittal on the indictment for adultery. The Commonwealth in effect demurred, and the trial judge overruled the plea. Defendant then pleaded not guilty. The jury found defendant guilty as indicted, and he was sentenced to serve not less than one year or more than five years in the Allegheny County Workhouse.

No court reporter was present, and no official notes of testimony were taken; nor was the testimony at the trial on the adultery charge taken stenographically.

On April 22, 1938, defendant's motion for a new trial was allowed to be filed nunc pro tunc, and the sentence which had been imposed was revoked. On April 28, 1938, a new trial was refused after argument on the motion before CULVER, P. J., of the 42d Judicial District, LONG, P. J., of the 54th Judicial District, and SWOYER, P. J., of the 22d Judicial District. The opinion was written by Judge CULVER, who presided at the trial. An appeal was taken to this court, and certiorari issued on April 28, 1938. The appeal was quashed on September 26, 1938.

A reargument on the motion for new trial was allowed nunc pro tunc on January 17, 1939. After argument before Judges CULVER, DITHRICH, and DICKEY,

P. J., of the 53d Judicial District, a new trial was again refused on March 30, 1939. On the same day the recognizance of defendant for his appearance was forfeited because of his refusal to present himself for sentence.

On August 6, 1942, defendant appeared in court, and on that day his petition was presented, and rules were granted on the district attorney of Allegheny county to show cause (1) why judgment should not be arrested, (2) why a reargument of the motion for a new trial should not be ordered, and (3) why the court should not seal the requested bill of exceptions. These rules were argued on September 25, 1942, before Judges CULVER, KENNEDY, and MORROW (of the 14th Judicial District).

On October 29, 1942, in an opinion filed by Judges MORROW and KENNEDY, the majority of the court entered an order making absolute the rule to show cause why judgment should not be arrested, and arrested judgment, and discharged the rule to show cause why a reargument of the motion for a new trial should not be ordered and the rule to show cause why the court should not seal the requested bill of exceptions. Judge CULVER dissented to the arrest of judgment, and filed a dissenting opinion.

A. Commonwealth's Appeal (No. 183, April Term, 1943).

The question involved in this appeal is whether the plea of autrefois acquit, interposed by defendant at his trial on the indictment for assault and battery with intent to ravish, was a bar to the latter prosecution.

It is the contention of defendant that the issues raised on this indictment became res judicata by the verdict of not guilty on the trial of the indictment for adultery.

Arrest of judgment must arise from intrinsic causes

appearing on the face of the record,[1] which consists of the indictment, the plea and issue, and the verdict. *Com. v. Bateman,* 92 Pa. Superior Ct. 53, 56; *Com. v. Grant,* 121 Pa. Superior Ct. 399, 405, 183 A. 663; *Com. v. Greevy,* 271 Pa. 95, 99, 114 A. 511. A determination of the question presented to us is not contingent upon the evidence in this case, as it is not a part of the record *(Com. v. Heller et al.,* 147 Pa. Superior Ct. 68, 75, 24 A. 2d 460; *Com. v. Long,* 131 Pa. Superior Ct. 28, 31, 198 A. 474), and any recital of the evidence will not be considered.

The test in the plea of autrefois acquit, as given in many cases, is whether the evidence necessary to support the second indictment would have been sufficient to procure a legal conviction upon the first. *Com. v. Trimmer et al.,* 84 Pa. 65, 70; *Com. v. Shoener,* 30 Pa. Superior Ct. 321, 327, and cases therein cited, affirmed 216 Pa. 71, 64 A. 890; *Com. v. Forney,* 88 Pa. Superior Ct. 451, 465; *Hilands v. Com.,* 114 Pa. 372, 381, 6 A. 267. If it was not, the plea of autrefois acquit was not sustained. *Com. v. Rockafellow,* 3 Pa. Superior Ct. 588, 593. The test is not whether the evidence is the same in both cases. *Com. v. Greevy,* supra, p. 101. In *Com. v. Forney,* supra, p. 465, it was also said that a former acquittal is a bar only where defendant could have been convicted on the first indictment of the charge preferred in the second indictment.

We are convinced that the trial judge properly overruled defendant's plea.

It is elementary that the gist of adultery is voluntary sexual intercourse; it is defined as carnal connection by a married person with any person not his or her wife or husband. Act of March 31, 1860, P. L. 382, §36, 18 PS §571; *Helfrich v. Com.,* 33 Pa. 68, 70, 75 Am.

---

[1] The only exception is where pardon is pleaded before sentence. *Com. v. Jones,* 303 Pa. 551, 553, 154 A. 480.

Dec. 579; 2 C.J.S., Adultery, §1, p. 472. See, also, Act of June 24, 1939, P. L. 872, §505, 18 PS §4505.

Rape is defined as the "unlawful carnal knowledge of a woman, forcibly and against her will." Section 91 of the Act of 1860, 18 PS §2261;[2] *Com. v. Stephens*, 143 Pa. Superior Ct. 394, 396, 17 A. 2d 919. See, also, section 721 of the Act of 1939, 18 PS §4721. In rape, as in adultery, penetration is an essential element. *Com. v. Exler*, 61 Pa. Superior Ct. 423, 434. Force and absence of consent of the woman are necessary constituents of common law rape *(Com. v. Miller*, 80 Pa. Superior Ct. 309, 314; *Com. v. Stephens*, supra, p. 399), and thus it is distinguished from unlawful consensual intercourse. See *Com. v. Exler*, 243 Pa. 155, 160, 161, 89 A. 968; *Com. v. Miller*, supra, p. 312. Force and want of the woman's consent are not ingredients of either adultery or fornication.

An assault and battery, with the intent, forcibly and against her will, to have unlawful carnal knowledge of a woman, was a common law offense, and section 93 of the Act of 1860, 18 PS §2263, is declarative of the common law. *Com. v. Miller*, supra, p. 314. In forcible rape, often referred to as rape at common law, there is no distinction between an attempt to commit rape and assault and battery with intent to commit rape. As rape is the carnal knowledge of a woman forcibly and against her will, any attempt to commit rape requires force and absence of consent; consequently it amounts to an assault and battery with intent to commit rape. *Com. ex rel. Case v. Smith*, 134 Pa. Superior Ct. 183, 186, 3 A. 2d 1007. See, also, Act of March 31, 1860, P. L. 427, §50, 18 PS §3691; *Com. v. Orris*, 136 Pa. Superior Ct. 137, 145, 7 A. 2d 88. An attempt to commit rape has been defined as an

---

[2] We are not here concerned with the amending Act of May 19, 1887, P. L. 128, §1, 18 PS §2261. See *Com. v. Orris*, 136 Pa. Superior Ct. 137, 7 A. 2d 88.

ineffectual offer, by force, with intent to have carnal connection. *Kelly v. Com.*, 1 Grant 484, 488. In an indictment for assault and battery with the intent to ravish, the offense is assault and battery committed with the specific intent to accomplish sexual intercourse forcibly and against the victim's will; consensual sexual intercourse is not within its terms. See *Com. v. Cyaus*, 88 Pa. Superior Ct. 227, 229; *Com. v. Jaynes*, 137 Pa. Superior Ct. 511, 516, 10 A. 2d 90.

Our courts have held that upon an indictment for adultery (*Respublica v. Roberts*, 1 Yeates 6, 2 Dallas 124), for seduction (*Rice v. Com.*, 102 Pa. 408), or for rape (*Com. v. Parker*, 146 Pa. 343, 344, 23 A. 323) the defendant may be convicted of fornication. Sexual intercourse is necessarily involved in these crimes, and is a fundamental element in all of them. *Dinkey v. Com.*, 17 Pa. 126, 129. In the present case the indictable element of assault and battery with intent to ravish was assault and battery (*Stout v. Com.*, 11 Serg. & R. 177, 178), and not voluntary carnal connection as it was in the charge of adultery (*Dinkey v. Com.*, supra, p. 129). Upon an indictment, such as the second, if the intent to have carnal knowledge forcibly and against the victim's will is not established, the defendant could still be found guilty of simple assault and battery in the absence of a separate count charging the latter. *Com. v. Jaynes*, supra, pp. 514, 516. From a statement of these principles it obviously follows that the evidence necessary to establish the offense charged in the second indictment is essentially different from that required to support a legal conviction upon the first indictment. A conviction upon an indictment for adultery would be set aside in the absence of proof of penetration. And upon such an indictment there could be no conviction of an assault and battery with intent to ravish. The offenses are different in law and in fact (*Com. v. Bergen*, 134 Pa. Superior Ct. 62, 72, 4 A. 2d

164); defendant could not have been convicted on the first indictment of the charge preferred in the second, as they are not constituent offenses. Judge CULVER, in his dissenting opinion in the court below, said: "...... the crime of adultery is not a constituent part of the crime of assault and battery with intent to commit rape, and ...... the crime of assault and battery with intent to commit rape is not a constituent part of the crime of adultery. To convict of adultery one of the necessary elements is fornication [sexual intercourse]. To convict of assault and battery with intent to commit rape, or, of simple assault and battery which is included within the offense, there is no necessity of proving fornication [sexual intercourse]. They are two separate and distinct crimes, and the proof necessary to convict of either crime is essentially different in the two cases."

Defendant urges as the fundamental proposition in this case the application of the doctrine of res judicata which "conclusively determines not only the ultimate fact established by a verdict and judgment, but every other fact necessarily found in reaching the conclusion as to that ultimate fact": *Com. v. Greevy,* supra, 271 Pa. 95, at page 101, 114 A. 511, at page 513. "A verdict and judgment, whether of conviction or acquittal, upon an indictment, is a final adjudication of the question at issue—the guilt or innocence of the defendant. This question, being thus res judicata, cannot again be tried. It is this principle that gives effect to the pleas of autrefois convict and autrefois acquit":[3] *Com. v. Rockafellow,* supra, 3 Pa. Superior Ct. 588, at page 593. The defense of res judicata, if valid, is not applicable. In the first place, the judgment of acquittal in the adultery proceeding did not ascertain that the facts which are the basis of the second indictment did not exist. More-

[3] As to plea of former jeopardy, see *Com. v. Day et al.,* 114 Pa. Superior Ct. 511, 514, 174 A. 646.

over, there was no fact necessary to be established at the trial on the indictment for adultery which was essential to defendant's conviction of assault and battery with intent to ravish. The doctrine of res judicata, as said by Mr. Justice FRANKFURTER, in his concurring opinion in *United States of America ex rel. Marcus v. Hess et al.*, 317 U. S. 537, 63 S. Ct. 379, 87 L. Ed. 374, is largely a judicial doctrine, and is aimed at avoiding the waste and vexation of relitigating issues already decided between the same parties. This doctrine and the plea of autrefois acquit are founded upon the maxim *nemo debet bis vexari pro eadem causa*. Broom, Leg. Max., 265. See *United States v. McConnell et al.*, 10 F. 2d 977.

We recognize, as defendant points out, that "a verdict of acquittal or conviction on an indictment for the minor offense, is a bar to a trial on an indictment for a crime which includes it": *Com. v. Arner*, 149 Pa. 35, at page 39, 24 A. 83. But we think it is conclusively shown in the above excerpt from Judge CULVER's dissenting opinion that that principle is not applicable here. In *Com. ex rel. Moszczynski v. Ashe*, 343 Pa. 102, at page 104, 21 A. 2d 920, at page 921, our Supreme Court said: "The true test of whether one criminal offense has merged in another is *not* (as is sometimes stated) whether the two criminal acts are 'successive steps in the same transaction' but it is whether one crime *necessarily involves* another, as, for example, rape involves fornication, and robbery involves both assault and larceny." But adultery involves consensual sexual intercourse, and assault and battery with or without aggravation is not involved in adultery. Neither offense charged in the indictments against defendant contains an essential ingredient or element of the other. Thus the present case is distinguishable from many others. See 2 Sadler, 2d Ed., §592, p. 687. In *Com. v. Arner,* supra, cited by de-

fendant, it was held that where a defendant was indicted upon the same facts for fornication and bastardy, and statutory rape, and prosecuted on the former charge, he could not thereafter be prosecuted on the charge of statutory rape which included it. It has also been held that the plea of autrefois acquit to an indictment for fornication and bastardy is good where the plea shows a former indictment for seduction and a verdict of not guilty. *Dinkey v. Com.,* supra. See, also, *Com. v. Epstein,* 83 Pa. Superior Ct. 75. The body of the offenses in these cases is the illicit connection. *Dinkey v. Com.,* supra, p. 129. In *Com. ex rel. Shaddock v. Ashe,* 340 Pa. 286, 17 A. 2d 190,. the indictment charged, in various counts, assault and battery with intent to commit rape, aggravated assault and battery, and rape. The offenses named in the first and second counts were included in the third count, and therefore merged in it. Our Supreme Court there said (pp. 288, 289) : "...... the relator having been sentenced for the most serious crime charged in the indictment could not also be sentenced for the lesser crimes which were only constituents of the major felony." See, also, *Com. v. McEvans,* 92 Pa. Superior Ct. 124, 128.

*Com. v. Exler,* supra, 61 Pa. Superior Ct. 423, presents some analogies to the present case. The facts there were: The defendant was charged with common law murder, and convicted of murder in the first degree. The victim was a girl 12 years of age, and her death occurred in consequence of consensual fornication or statutory rape. The judgment was reversed by our Supreme Court *(Com. v. Exler,* supra, 243 Pa. 155, 89 A. 968) which held that the conviction was improper. The defendant was then indicted for statutory rape, found guilty, and sentenced. On appeal to this court, 61 Pa. Superior Ct. 423, at page 433, we affirmed, and said: "It follows, therefore, that under

the first indictment (excluding the question as to whether under an indictment for murder a verdict for rape could be returned) the defendant could not have been convicted of 'statutory rape,' it not being an element of common law rape, and therefore not an element of common law murder. Unless the evidence presented at the former trial could have resulted in a legal conviction of the offense there charged, or some offense forming a constituent part of the offense there charged, the prisoner would not be in jeopardy, though substantially the same evidence is used in another trial for an offense declared not embraced within the first indictment and insufficient to support any verdict thereunder."

Section 50 of the Act of March 31, 1860, P. L. 427, 18 PS §3691, is of no aid to defendant. Under the provisions of that section a defendant may be found guilty of an attempt to commit the crime charged in the indictment, and he shall not be prosecuted thereafter for an attempt to commit the felony or misdemeanor for which he was so tried. Upon an indictment charging a defendant with rape, the accused could be found guilty of an assault and battery with intent to ravish, or attempted rape (see *Com. v. Varner*, 74 Pa. Superior Ct. 529, 531, 532), and if acquitted he could not thereafter be indicted for assault and battery with intent to ravish, or attempted rape. See *Harman v. Com.*, 12 Serg. & R. 69, 72. But the attempt or lesser offense must be a necessary element of the greater offense, and must of necessity be embraced within the legal definition of the greater offense and be a part thereof. In the present case, however, defendant, in the first indictment, was charged with adultery which involves consensual sexual intercourse. Our search has not revealed any case in this Commonwealth in which the defendant was indicted or convicted of at-

tempted adultery.[4] If such a crime is recognized in this Commonwealth, which we doubt, one acting singly could not make an attempt to commit adultery, as it is impossible for one alone to commit adultery for that requires the cooperation of two persons. As we have previously stated, the crime charged in the second indictment was assault and ·battery, and the intention to ravish was a matter of aggravation. *Stout v. Com.,* supra, p. 178. Cf. *Hunter v. Com.,* 79 Pa. 503, wherein the defendant was indicted for assault with intent to kill, and where it was said that the offense was assault, and the intent to kill was a mere qualification or aggravation of the crime. Assault and battery negatives the idea of consent, while in adultery or fornication its presence is essential. "An assault is an attempt, or offer, with force and violence, to do a corporal hurt to another": Hawkins, Pleas of the Crown, ch. 15, §1. There is not an assault and battery if the contact is not made with the intention of inflicting a harmful or offensive contact or if it is consented to by the other party. *Com. v. Gregory,* 132 Pa. Superior Ct. 507, 513, 1 A. 2d 501.

Defendant places considerable reliance on Section 51 of the Act of March 31, 1860, P. L. 427, 19 PS §831. But what we have said gives no support to defendant's theory. See *Com. v. Arner,* supra, p. 39; *Com. v. Robinson,* 85 Pa. Superior Ct. 424. The section provides as follows: "If upon the trial of any person for any misdemeanor, it shall appear that the facts given in evidence amount in law to a felony, such person shall not by reason thereof be entitled to be acquitted of such misdemeanor; and no person tried for such misdemeanor shall be liable to be afterwards prosecuted for felony on the same facts, unless the

---

[4] In *State v. Schwarzbach,* 84 N.J.L. 268, 86 A. 423, a conviction of attempted adultery was sustained. But see *Smith v. Com.,* 54 Pa. 209, 213, which refers to *Rex. v. Butler,* 6 C. & P. 368.

court before whom such trial may be had shall think fit, in its discretion, to discharge the jury from giving any verdict upon such trial, and direct such person to be indicted for felony, in which case such person may be dealt with in all respects as if he had not been put upon his trial for such misdemeanor." In any event, this section of the act is not applicable because defendant was not prosecuted for a felony after he was tried for a misdemeanor. Adultery is a misdemeanor *(Smith v. Com.,* 54 Pa. 209, 214) ; rape is a felony *(Com. v. Exler,* supra, 243 Pa. 155, 159, 89 A. 968). But by section 93 of the Act of 1860, P. L. 382, 18 PS §2263, the statute applicable to the second indictment, assault and battery with intent to ravish was a misdemeanor. This was true as early as 1824. *Stout v. Com.,* supra. By the Act of June 24, 1939, P. L. 872, §722, 18 PS §4722, it was made a felony, but the maximum term of imprisonment remains at five years. The Act of 1939 is not involved. *Com. ex rel. Swisher v. Ashe,* 145 Pa., Superior Ct. 454, 456, 458, 21 A. 2d 479.

The judgment of the court below is reversed, and it is ordered that the record be remitted to said court with direction to sentence the defendant according to law.

B. Defendant's Appeal (No. 190, April Term, 1943).

This appeal is from the discharge of the rule to show cause why a reargument of the motion for a new trial should not be ordered. The appeal is premature and will be quashed. There is no final judgment of sentence. After imposition of sentence, defendant, having taken an exception to the discharge of his rule, on appeal, may assign the action of the court below as error.

Nevertheless, we have carefully examined defendant's arguments in his brief and the record as presented. The record discloses that on two prior occasions the

court in banc heard arguments for new trial, and both times a new trial was refused. We find nothing in defendant's brief which would justify us in saying that the action of the court below in discharging rule for a reargument of the motion for a new trial was improper.

The appeal is quashed.