## Commonwealth *versus* Moore.

1. In order to support an indictment for cheating by false pretences, the pretence in question must be the assertion of an existing fact, not a promise to perform some act in the future.

2. An indictment against one A. contained two counts. The first charged that A., with intent to cheat and defraud B., had represented to B. that he would be unable to pay at maturity a certain note drawn by him to B.'s order, endorsed by B., and then in the hands of a third party, by which representation he induced B. to endorse another like promissory note and to deliver the same to him, pretending that he would use the same to take up the first named note, whereas he did then intend and afterwards did actually use said last named note for another purpose. The second count was similar, except that it averred the note, at the time of its delivery to A., to have been "then and there the property of the said B." *Held*, that neither count of the indictment set out an indictable false pretence under the statute.

3. Where, upon the trial of A. under the above indictment, a verdict of guilty was rendered, and subsequently judgment was arrested for insufficiency of the indictment, whereupon the Commonwealth took a writ of error on the ground that the court had erred in not holding that the facts set forth in the indictment and proved on the trial, showed that defendant had obtained the property in question in such manner as in law would amount to larceny, and in not rendering judgment accordingly, *Held*, that the Supreme Court could not, without having the evidence in the court below before it, reverse upon this ground.

4. A general verdict of guilty, upon an indictment, is a finding only of the facts sufficiently pleaded.

5. Neither of the counts in the indictment above set forth, was sufficient to sustain a charge of larceny.

February 7th 1882. Before SHARSWOOD, C. J. MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

CERTIORARI to the Court of Quarter Sessions of *Delaware county :* Of January Term 1882, No. 71.

Indictment of Robert M. Moore, for cheating by false pretences. Plea; not guilty. The first count of the indictment charged that the defendant, " unlawfully and wickedly devising and intending to cheat and defraud Horace P. Green of his

[Commonwealth v. Moore.]

goods, moneys, &c. did, then and there represent to the said
Horace P. Green, that he, the said Robert M. Moore, would be
unable to pay, at maturity, a certain promissory note, for the
payment of three hundred and fifty dollars, drawn by the said
Robert M. Moore to the order of the said Horace P. Green, and
by the said Horace P. Green endorsed, . . . . and which said note
had passed into the hands of one Walker Y. Hoopes, and upon
which the said Horace P. Green would be liable as endorser,
aforesaid, at its maturity, the said note being then about to ma-
ture ; and unlawfully did, then and there, falsely and designedly
pretend to the said Horace P. Green, that if he, the said Horace
P. Green, would then and there put his signature as endorser
upon a certain other promissory note, drawn by the said Robert
M. Moore to the order of the said Horace P. Green, for
the payment of the sum of three hundred and fifty dollars,
and deliver the same to him, he, the said Robert M. Moore,
would use the same to take up and cancel the liability of
the said Horace P. Green, as endorser upon the promissory
note first above mentioned, and which was then about to
mature as aforesaid, and for no other purpose.    Whereas,
in truth and in fact, the said Robert M. Moore did not
then and there intend to use the said second herein de-
scribed promissory note to take up and cancel the liability of
the said Horace P. Green, as endorser as aforesaid, upon the said
promissory note first herein described, and for no other purpose,
as the said Robert M. Moore then and there knew.    And the
said Robert M. Moore then and there well knew the said pre-
tence and pretences to be false, by color and means of which
said pretence and pretences he, the said Robert M. Moore, did
then and there unlawfully obtain from the said Horace P. Green
*his signature as endorser* upon the said herein second described
promissory note, with intent to cheat and defraud the said
Horace P. Green, and did not then and there use the said in-
strument of writing to take up and cancel the liability of him,
the said Horace P. Green, upon said note first herein de-
scribed, and for no other purpose, but then and there used the
same for his own private purpose, whereby the said Horace P.
Green afterwards became liable to pay, and did pay, a certain
large sum of money, to wit :" &c.

  The second count, after setting forth the facts precisely as
in the first count, charged that " by color and means of which
said false pretence and pretences he, the said Robert M.
Moore, did then and there unlawfully obtain from the said
Horace P. Green the written instrument and valuable security
second above described, commonly called a promissory note,
drawn by the said Robert M. Moore to the order of the said
Horace P. Green, and by the said Horace P. Green endorsed,

for the payment of three hundred and fifty dollars, and being then unpaid, *being then* and there the property of the said Horace P. Green, with intent to cheat and defraud the said Horace P. Green, to the great damage of the said Horace P. Green, contrary," &c.

On the trial, before CLAYTON, P. J., the jury rendered a verdict of guilty. The defendant moved in arrest of judgment. After argument the court sustained said motion, and discharged the defendant, CLAYTON, P. J., saying, in an opinion filed :

" To sustain an indictment for cheating by false pretences, something more than a mere private fraud must be alleged. The allegations of this indictment undoubtedly develop a moral crime, but not one amenable to the criminal law. The false pretence, relied upon by the commonwealth, was merely a promise for future conduct, a representation that the defendant could and would have the old note renewed by the new one. His representation as to what he could do was true—as to what he would do, it was false. All the authorities agree that the pretence must relate to a present state of things, and not to future acts. The pretence that the party would do an act that he did not mean to do, was holden by all the judges not to be a false pretence within the statute Geo. 2. (R. & R. 471 and 504), cited in Wharton's Criminal Law.

" The commonwealth's counsel, however, contends, that while this indictment might not be sustained under the English statute, it is good under our Act of Assembly, which declares that ' if upon the trial of any person indicted for such a misdemeanor, it shall be proved that he obtained the property in question in such a manner as to amount in law to larceny, he shall not, by reason thereof, be entitled to be acquitted of such misdemeanor.' If the facts, as developed upon the trial, had made out a clear case of larceny, it may be that the conviction, under the peculiar reading of our statute, might be sustained ; but I very much doubt it. . . . .

" At common law, there could be no larceny of a check or note, but by our statute it is larceny to steal either. The rule as to when a case of this kind would be larceny, or only cheating by false pretences, is this : When the owner of the thing obtained is induced by trick, artifice or false pretence, to part with his property, intending to relinquish all further claim or dominion over it, the offence is the misdemeanor of cheating by false pretences. When he is induced to simply part with his possession, but not with his dominion over his property, the offence is larceny. As where one borrows a horse on pretence of making a journey, and immediately sells him, this is larceny ;

[Commonwealth v. Moore.]

but where he buys him upon a false show of wealth, this is cheating by false pretences.

" This distinction has a strong bearing on the case in hand. Did Mr. Green own the note upon which his indorsement was obtained? The indictment does not allege that he did. If he did not own it, how could it be the subject of larceny? It is very difficult to conceive how one can possibly steal the *indorsement* of a note. The *indorsement* was all that was obtained from Mr. Green. Besides, it would be unfair to the defendant to permit the commonwealth, after a defective indictment for a misdemeanor, to sustain a conviction because the offence might be a felony. That plea belonged to the defendant, not to the commonwealth, and *non constat*, if the charge of felony had been directly made, the jury might have acquitted him of so grave a crime. The offence was cheating by false pretences, or nothing but a private fraud; and, as we have shown that it does not amount to the statutory crime, the motion in arrest of judgment must be sustained, and the defendant discharged."

The commonwealth took this writ of certiorari, assigning for error the judgment sustaining the motion in arrest of judgment, and discharging the defendant; also the refusal of the court to hold that the facts set forth in the indictment, and proved on the trial, showed that the defendant obtained the property in question in such manner as in law would amount to larceny, and in not giving judgment in favor of the commonwealth, under section 111 of Act of March 31, 1860, Purd. Dig. 348, pl. 164.

*V. Gilpin Robinson*, district-attorney, for the commonwealth.

[Mercur, J. By what authority is the commonwealth entitled to this writ of certiorari?]

We rely on Commonwealth *v*. Capp, 12 Wright 53. See also Commonwealth *v*. Bartilson, 5 W. N. C. 177, 181.

[Sharswood, C. J. Can you, by a certiorari here, put the defendant again in jeopardy?]

That objection would be unanswerable if the prisoner had been acquitted by the jury; but he was convicted, and the court, on matter of law, arrested the judgment. We ask this court to review the action of the court below subsequent to the conviction. A reversal of such action will not put the defendant to a new trial, or put him *again* in jeopardy.

The statute under which the indictment is drawn says " *any*

false pretence," and the court will not be astute, in construing the Act, to hold that the gross moral crime, by which the defendant cheated the prosecutor out of a large sum of money, is no offence under the laws of Pennsylvania; Commonwealth *v.* Burdick, 2 Barr. 164; Russell on Crimes (4th ed.), 200; Commonwealth *v.* Yerkes, 29 Leg. Intell. 60.

*E. H. Hall*, for defendant in error.—The false pretence charged in the indictment was not of any existing fact, but a mere promise for future conduct, which is not within the terms or intendment of the Act defining the offence. Nor can the defendant be held for larceny under the second count. If there was anything stolen, it was merely the credit of the prosecutor, which is not the subject of larceny. The criminal process of the court cannot be thus used to enforce the collection of a debt.

Mr. Justice PAXSON delivered the opinion of the court, February 27th 1882.

The only question presented by this record is, whether the indictment sets forth an indictable offence. It contains two counts, in each of which the defendant below is charged with cheating by false pretences. The particular act alleged was the procuring of the prosecutor's endorsement of the defendant's promissory note, and the false pretence charged consisted in his representing to the prosecutor that he would use the note so endorsed to take up and cancel another note of the same amount then about maturing, and upon which the prosecutor was liable as endorser. In other words the note was given in renewal of another note of like amount, and the indictment charges that the defendant instead of using it for this purpose, as he promised to do, procured it to be discounted, and used a portion of the proceeds for other purposes.

A false pretence, to be within the statute, must be the assertion of an existing fact, not a promise to perform some act in the future. The man who asserts that he is the owner of a house, states a fact, and one that is calculated to give him a credit. But a mere failure to keep a promise, is another and very different affair. That occurs whenever a man fails to pay his note. It is true Chief Justice GIBSON doubted in Commonwealth *v.* Burdick, 2 Barr, at page 164, whether every naked lie by which a credit has been gained is not a false pretence within the statute. This doubt has run its course, and has long since ceased to disturb the criminal law of the state. There was nothing in Commonwealth *v.* Burdick, to suggest such doubt, as the defendant had wilfully misrepresented that he had a capital of $8,000 in right of his wife, while, in all the cases cited

[Commonwealth v. Moore.]

therein, there was a misrepresentation as to existing facts, by means whereof a credit was obtained. The decisions upon this subject are uniform, and it would be an affectation of learning to cite the cases. Many of them may be found in the foot-note to Purdon.

In the case in hand, there was no assertion of an existing fact. Nor was there anything done by which even a credit was given. The credit had been obtained when the original note was endorsed; the present note was endorsed in lieu of and for the purpose of taking up the original; the failure to use it for such purpose was certainly a dishonest act on the part of the defendant, but we do not think it punishable under the statute defining false pretences.

It was urged, however, that if it was not cheating by false pretences under the statute, it was constructive larceny, and therefore within the proviso of section 111 of the Act of 31st March 1860, P. L. 410, which is as follows: "*Provided*, always, that if, upon the trial of any person indicted for such a misdemeanor (false pretences), it shall be proved that he obtained the property in question in such manner as to amount in law to larceny, he shall not by reason thereof, be entitled to be acquitted of such misdemeanor; and no person tried for such misdemeanor shall be liable to be afterwards prosecuted for larceny upon the same facts."

The fourth assignment of error avers that, "The learned court erred in not holding that the facts set forth in the indictment, and proved on the trial, showed that the defendant obtained the property in question in such manner as in law would amount to larceny, and in not giving judgment for the commonwealth," &c.

We do not think it necessary to discuss the line of cases cited in the able and interesting argument of the learned district-attorney, defining the distinction between the offences of cheating by false pretences, and constructive larceny. While the distinction is a nice one, it is, nevertheless, clearly defined. The difficulty upon this head is not in the law, but in the application of the law to the facts of a particular case. We are not called upon to pursue this inquiry in the present instance. It requires but a moment's reflection to see that we could not reverse the court below upon this ground. How can we, as an appellate court, say whether it was proved upon the trial below that the defendant obtained the property in question in such manner as to amount in law to larceny, when not one word of the evidence is before us? But it is said, the jury having convicted the defendants of the offence of cheating by false pretences, we must assume that the facts proved amounted to larceny. This does not follow. A general verdict of guilty

[Crawford *v.* Davis.]

upon the indictment is a finding only of the facts sufficiently pleaded. Neither of the counts would sustain a charge of larceny. The first count contains no averment that Horace P. Green, the prosecutor, was, or ever had been, the owner of the note in question and if never the owner, it could not have been stolen from him. The second count was evidently intended to cover both offences, but such criminal pleading is rarely a success, and certainly is not so in this case. It contains an averment at the close, that the said note was " then and there the property of the said Horace P. Green." Unfortunately for this averment, the prior portions of the same count show the fact distinctly that the note in question was the note of the defendant, drawn by him in favor of the prosecutor, and by the latter endorsed for the accommodation of the defendant and handed back to him. It was, therefore, the property of the defendant and not of the prosecutor. The second count contradicts itself upon the facts, and the finding of the jury is wholly insufficient to enable us to say the facts proved upon the trial amounted to larceny.

We are, therefore, of opinion that the learned judge of the court below committed no error in arresting the judgment, and his ruling must be

Affirmed.

SHARSWOOD, C. J., concurs in the affirmance, but would quash the writ.