## Commonwealth *v.* Miller, Appellant.

*Criminal law — Rape — Statutory rape — Attempt to commit — Force—Consent—Act March 31, 1860, P. L. 382, sections 91 and 93 —Act of May 19, 1887, P. L. 128.*

Force and absence of consent of the woman are essential elements of rape, both at common law and under the 93d section of the Act of March 31, 1860, P. L. 382.

The manifest effect of the Act of May 19, 1887, P. L. 128, amending the 91st section of the Act of March 31, 1860, P. L. 382, is to make something felonious rape which before was not rape, either at common law or by statute, viz: consensual sexual intercourse with a female, above the age of ten years and under sixteen. The statute is complete in description of the offense and provision for its punishment.

The Act of 1887 does not extend the penalty of the 93d section of the Act of 1860, so as to apply also to an offense under the Act of 1887 where force was not used or where the child consented.

Upon the trial of an indictment charging an attempt to commit rape, in the words of the 93d section of the Act of March 31, 1860, it was error to instruct the jury that they could convict the defendant without finding either that the defendant used force or that there was absence of consent on the part of the female.

Argued November 14, 1922. Appeal, No. 21, March T., 1923, by defendant, from judgment of Q. S. Lackawanna County, Oct. Sessions, 1922, No. 329, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Louis

Miller.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Reversed.

Indictment for attempt to commit rape.   Before ED-WARDS, P. J.

The opinion of the Superior Court states the case.

Verdict of guilty upon which judgment of sentence was passed.   Defendant appealed.

*Error assigned,* inter alia, was a part of the charge of the court, quoting it.

*R. W. Archbald,* and with him *Wallace G. Moser,* for appellant.—By the information and indictment the defendant was fully apprised of the charge against him, but the issue submitted to the jury was a vastly different one.   This was error: Hollister v. Com., 60 Pa. 103; Kelly v. Com., 1 Grant, 484.

*Robert P. Silverstein,* Assistant District Attorney, and with him *Harold A. Scragg,* District Attorney, for appellee.—Since the Act of 1887, which amended the 91st section of the Act of 1860, there is but one law of rape in Pennsylvania, and that is defined by said amendment: Com. v. Exler, 243 Pa. 155.

The use of force and the absence of consent are not necessary elements of the offense: Com. v. Allen, 135 Pa. 483.

OPINION BY PORTER, J., March 2, 1923:

This case discloses a condition of affairs not pleasant to contemplate.   The discussion of the questions of law involved will be confined within the narrowest possible limits.

The first count of the indictment was drawn under the provisions of the 93d section of the Act of March 31, 1860, P. L. 405, and charged that the defendant: "In and upon one . . . . . . did make an assault, and did beat, wound

and illtreat her, and did other wrongs to her, with the intent, forcibly and against her will, to have unlawful carnal knowledge of her, contrary to the form of the Act of the General Assembly," etc. The second count charged that the defendant committed an assault and battery upon the said woman.

The testimony developed the facts that the female was a girl of thirteen years of age and that the defendant was a man of mature years. The question thereupon arose whether the defendant could be convicted upon the first count of the indictment if what he did was done with the consent of the girl, or in the absence of an intent, on the part of the defendant, to have unlawful carnal knowledge of her body, forcibly and against her will. The learned trial judge held, in effect, that, if the girl was under sixteen years of age, the defendant being above that age might be convicted upon the first count of the indictment if he made any attempt to have carnal knowledge of the girl, whether she consented or not and whether or not it was his intention to have connection with her forcibly and against her will. The correctness of this ruling is raised by the third assignment of error, founded upon the following part of the charge:

"A good deal has been said here both in the evidence and also in the arguments of counsel about the element of force in the commission of a rape. All that is entirely proper when the person assaulted or ravished or intended to be ravished is over the age of sixteen; but the law, as I have already read it to you, says that if a girl is under sixteen then the element of force, the element of resistence, the element of consent or nonconsent, is out of the case. So if you should find from the evidence in the case that this defendant laid hands upon these three girls in a rude manner and did what the three girls say he did, and did that with the intent of having carnal knowledge of their bodies, that is with that intention in his mind, then he would be guilty notwithstanding the fact possibly that the girls either consented or that they

did not resist or that there was no force, even if they did consent or even if there was no force at all. So I want you to understand that the law as to a child under the age of sixteen is entirely different for a more mature person or for a person over the age of sixteen." The defendant duly excepted to this instruction. The law which the learned judge had already read to the jury was the Act of May 19, 1887, P. L. 128, amending the provisions of the 91st section of the Act of 1860, which reads as follows: "If any person shall have unlawful carnal knowledge of a woman, forcibly and against her will, or who, being of the age of sixteen years and upwards, shall unlawfully and carnally know and abuse any woman child under the age of sixteen years, with or without her consent, such person shall be adjudged guilty of felonious rape, and, on conviction, be sentenced to pay a fine not exceeding one thousand dollars, and undergo an imprisonment by separate or solitary confinement at labor, or by simple imprisonment, not exceeding fifteen years."

The manifest effect of the Act of 1887 is to make something felonious rape which before was not rape, either at common law or by statute, viz: consensual sexual intercourse with a female, above the age of ten years and under sixteen years, and punish its commission by a fine not exceeding one thousand dollars and imprisonment by separate and solitary confinement at labor not exceeding fifteen years. The statute was complete in itself, described the offense and provided for its punishment, and there it stopped. If in express terms the Act of 1887 had declared that the commission of a new crime therein denounced......unlawful intercourse with a female child under the age of sixteen,......should be adjudged felonious rape and, in addition to the penalty prescribed, should subject the offender to the penal consequences provided for in the 93d section, in case his attempt failed, it would have been the duty of the courts to give effect to the legislative intention. But here we have no express legislative declaration that an attempt

to commit this new offense, with the consent of the female child, should subject the offender to the punishment provided by the 93d section, for an assault with intent to have carnal knowledge of a female forcibly and against her will. We have no express terms denouncing this penalty, and the legislative intention to impose it, against the unsuccessful attempt involved in this case and if it is to be so extended at all it can only be by implication. "No person is to be subject to a penal statute by implication, all doubts concerning their interpretation, are to preponderate in favor of the accused": Bishop's Criminal Law, section 225.

We cannot consider the question here presented an open one, for we deem it settled by the decision of the Supreme Court in Commonwealth v. Exler, 243 Pa. 155. The appellant in that case had been convicted in the trial court of murder of the first degree, for the killing of a female child twelve years of age. The trial court had held that if the death had resulted from the act of the defendant in having unlawful carnal knowledge of the child, whether with or without her consent, the offense would be murder of the first degree. The 74th section of the Act of March 31, 1860, provides that: "All murder......which shall be committed in the perpetration of or attempt to perpetrate any arson, rape, robbery or burglary, shall be deemed murder of the first degree." It was contended by the Commonwealth that the meaning of "rape" in this section of the statute should be held to include the offense denounced by the Act of 1887. The Supreme Court reversed the judgment, in an opinion by the late Mr. Justice STEWART, in which the question was so fully considered that further discussion is unnecessary. It was there said: "In brief, we have here an offense which was not within the purview of the 74th section of the Act of 1860, our criminal code, and was therefore not punishable thereunder, but is made an offense by amending another section of the code without referring in any way to the section of the code which at-

tached additional penalty to a common law offense . . . . . not what we have here, but denounced under the general name . . . . . . when followed by unintended homicide, the amending act providing its own appropriate penalty for the new offense it created. Can the 74th section, unamended, be extended to embrace the new offense thus created?" It was held that it could not. An assault and battery, with the intent, forcibly and against her will to have unlawful carnal knowledge of a woman, was a common law offense: 4 Blackstone's Com. 216. The Act of 1860 was declaratory of the common law, but it provided a distinct penalty for this offense. The first count of the indictment in this case was properly drawn in the language of the statute and charged that the assault was made, "with the intent, forcibly and against her will to have unlawful carnal knowledge" of the female. Force and the absence of consent of the woman were essential elements of the crime, both at common law and under the statute: Kelly v. Com., 1st Grant 484. The third assignment of error is sustained.

Those points submitted by the defendant, which refer to the first count of the indictment, could not have been unqualifiedly affirmed by the court. The first count charged an assault and battery and the evidence would certainly have warranted a finding of guilty of that offense, even if the defendant desisted when he found that the girl would not consent. This being so the defendant would not be entitled to a verdict of not guilty upon that count of the indictment, for it would have been proper for the jury to find him guilty of assault and battery, and not guilty of the intent to ravish. We do not deem it necessary to consider the remaining specifications of error, some of which raise in another form the same question which we have considered in connection with the third assignment.

The judgment is reversed and a venire facias de novo awarded.