## Commonwealth v. Fronheiser.

*Criminal law — Verdict — Inconsistent findings—Rape—Assault and battery—Adultery.*

On the trial of an indictment charging statutory rape, assault and battery with intent to ravish, assault and battery and adultery, where the verdict is guilty of assault and battery with intent to rape and adultery, the verdict is so inconsistent that it cannot be amended or moulded into form by the court, and a new trial must be granted.

Motions in arrest of judgment and for new trial. Q. S. Bucks Co., March Sess., 1924, No. 30.

*Hiram H. Keller*, District Attorney, for Commonwealth.

*C. William Freed*, for defendant.

RENO, P. J., 31st judicial district, specially presiding, Feb. 24, 1925.—The oill of indictment charged: First count, statutory rape; second count, assault and battery with intent to ravish; third count, assault and battery; fourth count, adultery.

The court charged the jury that the evidence, if believed, warranted a conviction upon all the counts of the bill except the second. As to the second count, following Com. *v.* Exler, 243 Pa. 155, and Com. *v.* Miller, 80 Pa. Superior Ct. 309, the court ruled and charged that the verdict must be not guilty. The court also charged that, although defendant was not specifically indicted for an attempt to commit rape, if the jury found defendant not guilty of statutory rape, it could, under the authority of the Act of March 31, 1860, § 50, P. L. 427, 442, convict defendant of an attempt to commit rape, and fully

defined an attempt. The court further charged that there could be no conviction upon the fourth count of adultery unless the jury also convicted defendant of statutory rape; that penetration was the essential element of both crimes, and that defendant committed both crimes or neither crime. Indisputably, the defendant was married.

The jury returned the following verdict: First count, charging statutory rape, not guilty; second count, charging assault and battery with intent to ravish, not guilty, in accordance with the instructions of the court; third count, charging assault and battery, "guilty of assault and battery with intent to rape;" fourth count, charging adultery, guilty.

Thus, the jury found the defendant guilty of an offence with which he was not charged, namely, assault and battery with intent to rape. It also found an inconsistent verdict; it found him not guilty of statutory rape, which, under our instructions, implied a finding of no penetration and guilty of adultery, which implied the fact of penetration. The court should have explained this to the jury and sent it out for further deliberation. Instead, it accepted the verdict and discharged the jury.

This forms the basis for the motion for a new trial and the motion in arrest of judgment. Other reasons are alleged, but they were expressly abandoned upon the argument, leaving this as the sole matter for our consideration.

The defendant contends that this error entitles him to a new trial. The Commonwealth urges us to amend and correct the verdict to accord with what was the intention of the jury.

Obviously, we cannot expound the verdict in the sense suggested by the Commonwealth. We cannot amend it so that it will correctly represent the intention of the jury, for we cannot discover its intention from the verdict itself, which is the only thing we can consult in the effort to determine its intention: Keen v. Hopkins, 48 Pa. 445. Clearly, by its finding upon the third count, the jury intended to convict defendant of an assault and battery inflicted in the attempt to commit rape. The words "intent to rape" were, we think, erroneously used as the equivalent of an attempt to commit rape. Here, then, is a finding that defendant unlawfully touched the body of the girl in an attempt to commit rape, and it implies also a finding that the act was not completed by penetration. The verdict of guilty upon the count of adultery is a finding of the direct opposite, namely, that the act was completed by penetration. There are, therefore, two inconsistent and wholly irreconcilable findings upon the same indictment. If the evidence failed to sustain one of these findings, we might be justified in eliminating the one not so sustained; but, unquestionably, the evidence in the case was sufficient, if believed, to warrant a conviction upon any or all of the charges submitted to the jury.

Consequently, there is no basis upon which we can amend this verdict by striking out the finding upon either count. We might treat the words annexed to the finding upon the third count, "with intent to rape," as surplusage, but that would still leave defendant convicted of assault and battery and of adultery. The surplusage would be eliminated, but the inconsistency would remain. Had there been an attack upon the good repute of the girl within the meaning of the Act of May 19, 1887, § 1, P. L. 128, the verdict upon the fourth count might have been regarded as a finding of intercourse by a married man with the girl with her consent, and, thus, the verdicts might possibly be harmonized upon the theory that the act of consentual intercourse upon which the adultery conviction was based occurred at one time and the assault and battery at another. But her reputation was not attacked and there is absolutely nothing upon the record whereby the verdict in the form

returned can be sustained or whereby we can amend it, even assuming that we possess power to amend a verdict in a criminal case.

It follows that a new trial must be granted. This conclusion makes unnecessary a discussion of the additional motion for a new trial upon the ground of after-discovered testimony.

Now, Feb. 24, 1925, the motion in arrest of judgment is overruled; the motion for a new trial is sustained and a new trial is ordered.

From Calvin S. Boyer, Doylestown, Pa.