## Commonwealth v. Kuhns.

*Criminal law — Indecent assault — Fornication—Statutory rape—Act of May 19, 1887.*

1. Where a defendant indicted for statutory rape and indecent assault is acquitted of statutory rape, but convicted of indecent assault and fornication, the verdict as to indecent assault will be set aside.

2. In such case, as the verdict shows that the girl, who was under the statutory age, consented and was not of good repute, the defendant, in the absence of any evidence of assault other than the completed offence of fornication, could not be convicted under the Act of May 19, 1887, P. L. 128, of indecent assault.

Motion in arrest of judgment. Q. S. Lehigh Co., Sept. Sess., 1925, No. 2.

*Orrin E. Boyle*, District Attorney, for Commonwealth.

*Dallas Dillinger, Jr.*, for defendant and motion.

RENO, P. J., Dec. 14, 1925.—Defendant was indicted for common law rape, statutory rape, assault and battery with intent to ravish, and indecent assault. At the conclusion of its case, the Commonwealth withdrew the charges of common law rape and assault and battery with intent to ravish. The case was submitted to the jury upon the charges of indecent assault, statutory rape and, under the authority of the Act of May 19, 1887, P. L. 128, of the charge of fornication. The jury, evidently impressed by the evidence concerning the girl's repute, returned a verdict of not guilty of statutory rape and guilty of fornication and indecent assault. The defendant moves that so much of the verdict which pronounces him guilty of indecent assault be arrested.

It must be conceded that the effort of the Commonwealth to prove the use of force was fruitless. The girl undoubtedly consented to the acts of intercourse. For that reason, the charges of common law rape and assault and battery with intent to ravish were withdrawn. The same reason, we think, would have justified the Commonwealth in withdrawing the charge of indecent assault. Assuming that an assault is an attempt or a threat within striking distance to use force, it is apparent that the force attempted or threatened, if any, was the effort to have connection with the girl. But since she consented to the intercourse, defendant did not employ force nor did he threaten her by force. Indeed, there is no evidence to sustain the charge of any assault other than by those acts which lead to and formed a part of the completed offence of fornication, to which, as we have already said, the girl consented.

Moreover, the Act of May 19, 1887, P. L. 128, provides: "That upon the trial of any defendant charged with unlawful carnal knowledge and abuse of a woman-child under the age of sixteen years, if the jury shall find that such woman-child was not of good repute and that the carnal knowledge was with her consent, the defendant shall be acquitted of the felonious rape and convicted of fornication only." This is precisely what occurred in the instant case. The jury, in effect, under the instructions of the court, found that the woman was not of good repute. Unquestionably, the carnal knowledge was with her consent. Hence, under the act, the jury was obliged to convict the defendant of "fornication only," which words must be taken to exclude all other than fornication and, the aggravation thereof, bastardy: Com. *v.* Lewis, 140 Pa. 561. Compare Com. *v.* Exler, 243 Pa. 155; Com. *v.* Miller, 80 Pa. Superior Ct. 309; Com. *v.* Fronheiser, 6 D. & C. 710.

Now, Dec. 14, 1925, so much of the verdict as pronounces defendant guilty of indecent assault is arrested. Defendant will appear within ten days from the date of this order so that sentence for fornication may be imposed.

Edwin L. Kohler, Allentown, Pa.