## Commonwealth v. Miller

E. Leroy Keen, assistant district attorney, Carl B. Shelly, district attorney, and Julius H. Tolson, Special Deputy Attorney General, for Commonwealth.

John H. Moody, for defendant.

Fox, J., March 12, 1940.—In this case defendant, Morris L. Miller, was charged with false pretenses. Defendant waived the finding of an indictment, plead not guilty, and requested a trial without a jury. The trial was had. The evidence shows that on March 11, 1938, defendant

and his wife, Annie J. Miller, filed an application for assistance with the Department of Public Assistance, and then made an affidavit to the effect that all the statements contained in the application were true and correct. He also promised to give immediate notice to the said department of any changes in the facts contained in the application for assistance. The family then consisted of defendant and his wife and seven children, the oldest of whom was 23 years of age. Defendant subsequently went off the relief rolls, and on September 9, 1938, applied to the said department for reinstatement and at that time made an affidavit to the effect that the statements made by him in his last application, dated March 11, 1938, were true and correct and that the statements made therein were still true and correct and that there was no change in any of the facts contained in the application, except that defendant was working on a W. P. A. project for $60.50 per month. Defendant was subsequently taken off the relief rolls, but later applied for reinstatement for general assistance on January 20, 1939, and on this occasion made an affidavit which was identical with the affidavit made on September 9, 1938. In the latter affidavit he stated his recent work record and the fact that his son, Woodrow, was employed on a N. Y. A. project at $20 per month. Some time after January 20, 1939, the said son Woodrow obtained employment at the Susquehanna Collieries Company, Williamstown, Pa., and had employment for six days in the latter half of January and was paid therefor the sum of $28.16, and in February 1939 was paid for 11 days in the first half of that month, $61.10, on February 24, 1939. On February 10, 1939, the said department mailed a check from the Treasury Department to defendant for relief for the following week, and similar checks were mailed February 17th and 24th, each check being in the amount of $15.81, payable to defendant. On the back of each check was printed a statement which reads as follows:

"In consideration of the issuance of this check in the amount as stated on the face hereof, by the Commonwealth of Pennsylvania, under the laws of Pennsylvania, providing for financial assistance and penalizing by fine and imprisonment, the obtaining of said financial assistance by false statement, I hereby certify that I have notified my county board of assistance of all changes in the facts as stated in my application for financial assistance and that neither I nor any member of my family has any employment or financial resources which I have not reported to said board."

Defendant gave no information to the department of his son's (Woodrow's) employment by the said Collieries Company. Upon receipt of each of these checks defendant endorsed the same under the above-quoted paragraph, then presented each to the A. & P. grocery store for groceries purchased for his family. After the department obtained knowledge of the employment of the said son Woodrow with the Collieries Company, as aforesaid, an information was made by the officers of the department, charging defendant with violation of the Public Assistance Law of June 24, 1937, P. L. 2051, sec. 13. The indictment was drawn under the false pretense section of the Criminal Code of March 31, 1860, P. L. 382. Had the employment of the son Woodrow been reported to the department with the amount of wages he was earning a reduction would have taken place in the amount defendant was receiving as assistance, which latter amount would have been reduced by the amount of $12.60 for the first two of the three checks here involved, and $15.80 for the third, or a total of $28.40.

In the motion for a new trial, the following reasons are assigned, which briefly and substantially stated are: That the verdict of the court is contrary to the law and the evidence; that the prosecution should have been brought under the Public Assistance Law of 1937, supra, sec. 13, instead of under the Criminal Code of 1860, supra; that the court erred in ruling that the affidavit

taken by defendant at the time of the application for relief, promising to notify the Department of Public Assistance of any change in the family status in the future, was a continuing representation, and in holding that the endorsement of the check by the payee under a paragraph certifying that there was no change in the family status, when in fact there was, was such a false representation as to make defendant guilty of receiving something of value by false pretense.

The elements that make out a charge of false pretense are a false pretense as to an existing fact, obtaining property by it, and intent to defraud: Commonwealth v. Moore, 99 Pa. 570; see also Commonwealth v. Schmunk, 22 Pa. Superior Ct. 348.

On each of the checks received from the department, dated February 10, 17, and 24, 1939, defendant stated that he had notified the county board of assistance of all changes in the status of the family as stated in his application for financial assistance, and that neither he nor any member of his family had any employment or financial resources which had not been reported to the board. The testimony discloses that no information was given to the board of the employment of his son Woodrow in said collieries. There was a false statement contained in the endorsements of each one of the checks aforesaid, after which he received the money or the value thereof as above stated, in that he had notified the county board of assistance of all changes when he in fact had not done so, and also that no member of his family had any employment, which latter statement was also false. By these false statements he received and intended to obtain more money than he was entitled to receive, and this constitutes false pretense.

In the case of Commonwealth v. Wooden, 94 Pa. Superior Ct. 452, which was a case involving fraudulent conversion to defendant's own use, and the question arose as to whether defendant should have been indicted under

the Act of May 18, 1917, P. L. 241, or under the Criminal Code of 1860, it was held that such a case was indictable under the Act of 1860, sec. 116, as amended, or under the Act of 1917, supra. See also Commonwealth v. MacDonald, 74 Pa. Superior Ct. 357.

Wherefore we are of the opinion that the Commonwealth had the authority and right to proceed under the Act of 1860, supra, and the charge of false pretense has been made out by the evidence in the case beyond a reasonable doubt.

And now, March 12, 1940, upon due consideration, the motion for a new trial is overruled and the district attorney is directed to call defendant for sentence on Monday, March 4, 1940.