## Commonwealth v. Barber

*Herbert A. Mook*, district attorney, for Commonwealth.

*A. B. Andrews* and *Fred J. Kiebort, Jr.*, for defendant.

KENT, P. J., October 27, 1942.—On August 4, 1942, a complaint was made against defendant before an alderman of the City of Meadville, Crawford County, Pa., charging him with having "at Greenwood Township in the County of Crawford on the 25th day of July, 1942, the defendant above named being of the age of 16 years and upward did unlawfully and feloniously attempt to have carnal knowledge of one Romona Jane Williamee, a woman child 5 years of age." He was arrested, had a hearing on August 11, 1942, and was

committed to jail in default of bail for trial at court. An indictment was prepared, containing but a single count, charging as follows:

"That William M. Barber, late of said county, yeoman, on the twenty-fifth day of July, in the year of our Lord, one thousand nine hundred and forty-two, in the county aforesaid, and within the jurisdiction of this court, with force and arms being of the age of sixteen years and upwards, did unlawfully and feloniously attempt to carnally know and abuse one Romona Jane Williamee, a woman child five years of age, contrary to the form of the act of assembly in such cases made and provided, and against the peace and dignity of the Commonwealth of Pennsylvania."

The case was submitted to the grand jury and on September 9, 1942, returned "True Bill." On September 16, 1942, the case was called for trial, at which time defendant appeared without counsel, and upon request of defendant the court assigned counsel to represent him. A plea of not guilty was duly and regularly entered and the trial was proceeded with to the end that the jury, after a somewhat protracted deliberation, reported its inability to agree upon a verdict and was discharged by the court.

Thereafter, on September 21, 1942, defendant by his appointed attorneys filed a motion to quash the indictment assigning the following reasons in support thereof:

"1. The information filed in said case does not charge defendant with any indictable offense under the common law or any act of assembly of the Commonwealth of Pennsylvania.

"2. The indictment drawn and presented in this case does not charge defendant with any indictable offense under the common law or any act of assembly of the Commonwealth of Pennsylvania."

Upon presentation of the motion, the court granted a rule to show cause why the indictment should not be

quashed. It is upon this rule that the case comes before the court at this time.

As we view the case there are two questions for the court's consideration:

First: Is an "attempt" to carnally know and abuse a woman child under 16 years of age an indictable offense?

Second: Is a motion to quash an indictment defective in matter of substance (not form) too late, if presented after a disagreement and discharge of a trial jury?

In relation to the first question, The Penal Code of June 24, 1939, P. L. 872, sec. 721, provides:

"Whoever has unlawful carnal knowledge of a woman, forcibly and against her will, or whoever, being of the age of sixteen (16) years and upwards, unlawfully and carnally knows and abuses any woman child under the age of sixteen (16) years with or without her consent, is guilty of rape, a felony, and on conviction, shall be sentenced . . .

"Upon the trial of any defendant charged with the unlawful carnal knowledge . . . of a woman child under the age of sixteen (16) years, if the jury shall find that such woman child was not of good repute, and that the carnal knowledge was with her consent, the defendant shall be acquitted of rape, and be convicted of fornication."

Likewise section 722 of the code provides:

"Whoever commits an assault and battery upon a female, with intent, forcibly and against her will, to have unlawful carnal knowledge of her, is guilty of a felony, and on conviction, shall be sentenced . . ."

This legislation seems to unite both common law and statutory rape under one heading, viz, "Felonious Rape" and establishes a statutory procedure to be followed rather than the common-law procedure heretofore in existence. Section 721 of the code is in the alternative. First, it is provided that whoever has unlawful carnal knowledge of a woman, forcibly and against

her will, is guilty of rape, a felony. This is strictly in accord with the common-law definition. Then, secondly, the alternative attaches with the provision, "or" whoever, being of the age of 16 years and upwards, unlawfully and carnally knows and abuses a child under the age of 16 years with or without her consent is guilty of rape, a felony. This is strictly in accord with the enactment, establishing what has been known in Pennsylvania for many years as "statutory rape." The combining of the two seems a complete legislative enactment establishing the crime of rape, under what we term felonious rape.

Section 1107 of the code, headed, "Attempts to Commit Crime", provides:

"If, on the trial of any person charged with felony or misdemeanor, it shall appear to the jury upon the evidence, that the defendant did not complete the offense charged, but was guilty only of an attempt to commit the crime, he shall not by reason thereof be entitled to be acquitted, but the jury may return, as their verdict, that the defendant is not guilty of the felony or misdemeanor charged, but is guilty of an attempt to commit the same."

This provision does not make an attempt an indictable offense. It fixes no degree for either felony or misdemeanor, but it does prescribe a penalty to be imposed upon conviction on an indictment charging a particular felony or misdemeanor. There can be no doubt that upon an indictment charging the principal offense (felonious rape or an assault with intent to rape), the trial jury may acquit of the felony and convict of an attempt to commit the crime charged. Even this well-established rule does not fix an attempt as an indictable offense.

In the instant case we are clearly of the opinion that the procedure set up by The Penal Code is by indictment charging either rape under the provisions of section 721 or assault and battery with intent to ravish, under section 722.

The distinction between an indictment for an assault, with intent to carnally know and abuse a female under the age of consent, and an indictment for attempt to carnally know and abuse such a female, and in the character of the proofs essential to sustain each, is clearly set forth in the annotation reported in 81 A. L. R. 599, 601, where the United States rule is stated as follows:

"The rule in most jurisdictions of the United States is that one who commits an overt act on the person of a female under the age of consent which would amount to an assault with intent to ravish or rape is guilty of such offense although the female actually consents to what is done, since the consent of such a female is void as to the assault as well as to the offence intended to be committed."

This rule seems to have been recognized in Pennsylvania relative to a charge of assault and battery with intent to ravish. In the case of Commonwealth v. Cyaus, 88 Pa. Superior Ct. 227, Gawthrop, J., in the opinion says:

"It seems clear that the offense denounced by this section of the Act is assault and battery committed with the specific intent to accomplish the purpose forcibly and against the victim's will; and that consensual sexual intercourse with a female of any age is not within its terms (Commonwealth v. Miller, 80 Pa. Superior Ct. 309). The uncontradicted evidence in the case is that the victim of the alleged assault was a female child under five years of age at the time of its commission. In view of the extreme youth of the child alone the jury was warranted in finding that she was incapable of consenting to sexual intercourse and that the touching of her body by the defendant with intent to carnally know her was against her will. The child testified that the defendant 'laid me on the floor and he done dirty things to me'; that he hurt her between her legs; 'with between his legs.' This testimony

was sufficient, if credited by the jury, to establish not only that the defendant committed an assault and battery on the child but also that his intention was to have unlawful carnal knowledge of her *by force*. Where, as here, the female is not only so young that she is incapable of consenting to sexual intercourse, but cannot even entertain a thought upon that subject, a jury is warranted in finding an intent to have carnal knowledge of the child *forcibly* whenever the evidence warrants a finding that the defendant laid his hands upon her with an intent to carnally know her. It follows that the evidence was sufficient, if believed, to establish all the elements of the offense charged."

To secure a conviction for an attempt to commit rape, under an indictment containing a single count charging rape, under section 721, it is not necessary to add a count charging defendant with assault and battery with intent, etc.: Commonwealth v. George, 12 Pa. Superior Ct. 1; Commonwealth v. Orris, 136 Pa. Superior Ct. 137; Commonwealth v. Miller, 80 Pa. Superior Ct. 309; Commonwealth ex rel. Swisher v. Ashe, 145 Pa. Superior Ct. 454.

We have carefully considered the question raised in the instant case in the light of The Penal Code of 1939 and the authorities cited, as well as many more which could be, and can but conclude that an attempt to carnally know and abuse a woman child under 16 years of age, and particularly a woman child five years of age who is incompetent to give consent, by a person 16 years of age and upwards is not an indictable offense under the code. The proper and legal procedure is either to indict for the commission of the specific offense of "felonious rape" or "assault with intent to ravish."

The revised Penal Code of June 24, 1939, P. L. 872, provides for conviction of an attempt to commit rape and fixes the punishment to be inflicted therefor by section 1107, the punishment being the same as if he

had been convicted upon an indictment for attempting to commit the particular felony charged in the indictment. This points directly toward the intention of the legislature in advisedly omitting to make an attempt to commit felonious rape an indictable offense and providing punishment therefor. We doubt very much if a defendant charged with an attempt could be convicted of an assault with intent to ravish, as no assault and battery is charged. *Attempt* is not *intent* and testimony to support either is not necessarily the same and defenses do not necessarily coincide as intent is a condition of the mind and can be determined from what one does in the premises and, further, an intent to carnally know a female child might exist without even an assault and battery being committed, while an attempt contemplates an assault upon the person of a woman child with force.

We come now to the second question:

"Is a motion to quash an indictment defective in matter of substance (not form) too late, if presented after a disagreement and discharge of a trial jury?"

In the instant case there can be no doubt that the defect complained of and relied upon for the quashing of the indictment is matter of substance and not of form. Defects of substance cannot be amended.

"The general rule is that a defect, which is one of substance and not of form, is not cured by a verdict or by a plea of guilty": Commonwealth v. Smith (No. 2), 116 Pa. Superior Ct. 146, 155.

If a substantial defect cannot be cured by verdict or plea, how then can a substantial defect be cured by a disagreement? In our opinion, it cannot. The procedure amounts to nothing more than a mistrial. The case reverts back to the position prior to entry of plea and the swearing of the jury as affects the right to present a motion to quash the indictment based upon matters of substance, such as are raised in the instant case. The objection points directly to the jurisdiction

of the court and jurisdictional questions can be raised at any time. It seems as clear as the noonday sun that if the offense charged is not an indictable one the court would have no jurisdiction to proceed therein and the case would fall. It was early held in Pennsylvania that a verdict of guilty upon an indictment was only a finding upon facts sufficiently pleaded: Commonwealth v. Moore, 99 Pa. 570. In the light of this case, if the offense charged is not indictable, a verdict of guilty could not be sustained. We are clearly of the opinion that the motion to quash based upon matter of substance presented after disagreement and discharge of a trial jury is not too late for consideration. This view is strengthened by the fact that the disagreement of the jury necessitates another trial of the case. In the instant case we are of the opinion that the case should follow the regular procedure as outlined herein and that the indictment should set forth such an indictable offense as would sustain a verdict of an attempt to commit statutory rape and that defendant should not be prevented from making any and all legal defenses thereto as he may choose so to do.

Considering the pending motion and rule in the light of the law and authorities, as we find and interpret them, we can but conclude that both questions must be answered in the negative, that is, that an attempted statutory rape is not an indictable offense and that a motion to quash an indictment based on matter of substance does not come too late when filed after a disagreement and discharge of the trial jury. Accordingly we enter the following

*Order*

Now, October 27, 1942, defendant's motion to quash the indictment is sustained, the rule to show cause is made absolute, and the indictment is quashed without prejudice.