## Commonwealth v. Payne

*William Coghlan*, district attorney, for Commonwealth.

*A. G. Helbling*, for defendant.

McCREARY, P. J., October 26, 1948.—At the above stated term and number defendant, Ben Payne, was indicted on a charge which reads as follows:

"That Ben Payne late of the County aforesaid, yoeman, on the twenty-third day of February in the

year of our Lord One Thousand Nine Hundred and Forty-eight in the County aforesaid, and within the jurisdiction of this court, *with force and arms* did then and there unlawfully, within this state, to-wit: at Third Avenue, in the Borough of New Brighton, in said County, did keep for sale and gratuitous distribution nostrums for the purpose of preventing conception."

This indictment, no doubt, is drawn under The Penal Code of June 24, 1939, P. L. 872, sec. 525. That section reads as follows:

"Whoever prints or publishes, or causes to be printed or published, in any newspaper, pamphlet, book or circular, any advertisement of, or sells or keeps for sale, or gives away or publishes an account or description of, or by writing, publishes or circulates any notice of any secret drug, nostrum, medicine, recipe or instrument, purporting to be for the use of females for the purpose of preventing conception, or procuring abortion or miscarriage, is guilty of a misdemeanor, and shall upon conviction thereof, be sentenced to pay a fine not exceeding five hundred dollars ($500), or undergo imprisonment not exceeding one (1) year, or both.

"Nothing contained in this section shall be construed to apply to teaching in regular chartered medical colleges, or the publication of standard medical books."

Before the jury was sworn defendant, by his counsel, moved to quash the indictment, the motion being as follows:

"The defendant, by his undersigned attorney, respectfully moves the court to quash the indictment in the above entitled case, and assigns therefor the following reasons.

"1. That the defendant is charged in the said indictment as follows:

" 'Did then and there unlawfully, within this state, to-wit: on Third Avenue, in the Borough of New Brighton in said county, did keep for sale and gratuitous distribution nostrums for the purpose of preventing conception.'

"2. That said indictment does not charge the defendant with the commission of any crime under the laws of the Commonwealth of Pennsylvania.

"The defendant therefore moves your honorable court to quash said indictment and that he be discharged from said proceeding."

The motion to quash was overruled and defendant proceeded to trial, the result of which was that the jury returned a verdict of guilty as indicted.

Following the trial defendant made two motions, both of which were filed June 21, 1948. The first was a motion for a new trial and the second was a motion in arrest of judgment. In view of our disposition of the motion in arrest of judgment, we need not and will not pass upon the motion for a new trial.

Defendant, by his counsel, made a motion that the court arrest the judgment for the following reasons:

"1. The court erred in refusing the motion of the defendant to quash the information.

"2. The court erred in refusing the motion of the defendant to quash the indictment.

"3. The court erred in refusing to grant the demurrer of the defendant to the evidence at the trial.

"4. The court erred in refusing to charge the jury especially as requested by the defendant in his request that the court direct a verdict of 'not guilty'.

"5. In that there was a variance between the charge in the indictment and the proof, there being no evidence that the defendant had or kept for sale nostrums.

"6. The defendant therefore asks the court to direct the stenographer to transcribe the notes of testimony and charge of the court, and that he be given fifteen

days after the filing of the same in which to file additional reasons in support of this motion."

We are of the opinion that the court should have granted the motion of defendant to quash the indictment, and therefore we are compelled to grant defendant's motion to arrest the judgment for the reason that the indictment does not charge an indictable offense under the law of Pennsylvania. The motion in arrest of judgment will be granted when it appears from the face of the record that the court was without jurisdiction.; or that the act of assembly on which the indictment is framed is unconstitutional; or that the indictment is insufficient (2 Sadler on Criminal Procedure in Pennsylvania, §606, Henry's 2d ed.). The cases of Delaware Division Canal Co. et al. v. Commonwealth, 60 Pa. 367, and Commonwealth v. Moore, 99 Pa. 570, are authority for the proposition that the court should sustain a motion in arrest of judgment where it appears from the face of the record that the indictment is insufficient.

The same motions were before the Court of Quarter Sessions of Cambria in the case of Commonwealth v. Mosholder, 46 D. & C. 31, involving the same or a similar charge. In that case, after argument, defendant's motion for a new trial was denied but his motion in arrest of judgment was sustained in an opinion by Judge Griffith on May 15, 1942. We think that Judge Griffith properly analyzed the situation and reached the proper conclusion that under The Penal Code of June 24, 1939, P. L. 872, sec. 525, repealing the Acts of March 16, 1870, P. L. 39, and May 12, 1897, P. L. 63, the sale, or keeping for sale of contraceptives is no longer prohibited in Pennsylvania, provided the articles are not publicized or exhibited in any manner. Unfortunately, the legislature, in substituting section 525 of The Penal Code of 1939 for the provisions of the Acts of 1870 and 1897, supra, either intentionally or

unintentionally left a big hole in the law. The Act of March 16, 1870, P. L. 39, prohibited the advertisement and the sale, and keeping for sale, of any secret drug or nostrum purporting to be for the use of females, and also the publishing of an account or description of any drug, medicine, instrument or apparatus for the purpose of preventing conception. This act evidently did not make it a penal offense for one to sell or have in his possession for sale contraceptives for the purpose of preventing conception; it was aimed at advertising drugs or instruments purporting to be for the use of females for the purpose of preventing conception.

The legislature, by the Act of May 12, 1897, P. L. 63, 18 PS §778, enlarged criminality of those advertising or offering for sale, drugs or medicines therefor. Part of that act reads as follows:

"A person who sells, lends, gives away or in any manner exhibits or offers to sell, lend or give away, or has in his possession with intent to sell, lend or give away, any instrument or article, or any recipe, drug or medicine for the prevention of conception . . . is guilty of a misdemeanor . . ."

It would therefore appear from this later act that it was the intention of the legislature to make it a misdemeanor for any person to sell or give away an instrument or an article that could be used to stop conception. The General Assembly of 1939 had before it both the Acts of 1870 and 1897, supra, and repealed both of them when it changed and combined them in The Penal Code of 1939, sec. 525.

Judge Kennedy of the Court of Quarter Sessions of Allegheny County, in the case of Commonwealth v. Rupp, 47 D. & C. 302, also had before him for consideration the meaning of section 525 of The Penal Code of 1939. He reached the identical conclusion which was reached by Judge Griffith in the case of Commonwealth v. Mosholder, supra. Judge Kennedy tried the

Rupp case without a jury by agreement of the parties, and felt compelled to sustain defendant's demurrer to the evidence on the ground that the sale of condoms does not constitute a violation of section 525 of The Penal Code of 1939, P. L. 872. He said in part as follows (pp. 305, 306):

"The assistant district attorney concedes that, under the agreed set of facts, defendant could not be convicted under section 525 of The Penal Code of 1939. He, however, earnestly urges that defendant could be found guilty of a common-law offense, in that defendant committed an act which 'openly outrages decency and is injurious to public morals', and cites in support of his position the case of Commonwealth v. DeGrange, 97 Pa. Superior Ct. 181, which is a case of indecent assault upon a minor female of most immature years, and also the case of Commonwealth v. J. & M. Cartusciello, 100 Pa. Superior Ct. 473. Neither of these cases in our opinion is helpful to the Commonwealth in urging that defendant here could be found guilty of an act that openly outraged decency or was injurious to public morals. It should also be borne in mind that the Commonwealth did not urge at the time that defendant, by counsel, demurred to the evidence, that defendant could be adjudged guilty of a common-law offense which, of course, is still preserved in the Penal Code of 1939. No cases have been submitted by counsel which concluded that the surreptitious sale of condoms is an offense against public morals. While it is true that the Superior Court has said that the mere fact that an analogous case has not been determined by the courts in no way prohibits the courts from finding that an alleged act is against public morals, yet in this case, since it is admitted by the prosecutor, a police officer of the Borough of Brackenridge, that he did not know what defendant was attempting to sell men customers in a tavern until he seized his kit, therefore it

cannot be said that defendant was committing an act against public decency. To make such a ruling now would be to determine that the surreptitious sale of these devices that has been carried on for many years in drugstores has been a crime against public morals.

"This court is in full accord with the position taken by the assistant district attorney, that if the attempted sale or the exhibition of these devices were made in mixed company or especially to maturing children, defendant would be guilty of a misdemeanor at common law.

"It is, therefore, our conclusion that the demurrer to the evidence must be sustained."

At the conclusion of the argument on the motion before the court en banc we were satisfied, and are still satisfied that both Judge Kennedy and Judge Griffith are correct in their conclusion that The Penal Code, as now drawn, does not make the sale of condoms a violation of section 525 of said act, but we felt that the indictment and the verdict might still be sustainable at common law for the reason that such sales outraged decency and are injurious to public morals. However, we have now concluded, on the authority of these two eminent jurists, that neither the indictment nor the verdict can be sustained on those grounds, particularly in view of the fact that the indictment as drawn, based on the information as made, charges defendant, not with the sale, or possession for purposes of sale, of condoms, but it charges defendant with the sale, or possession for the purpose of sale, of nostrums. Webster's dictionary defines nostrums as follows:

"A medicine, the ingredients of which are kept secret for the purpose of restricting the profits of sale to the inventor or proprietor; a quack medicine. (2) Any quack device, scheme or plan."

It can hardly be said that the sale of nostrums, within the meaning of that definition, would be an offense at common law.

In the case of Commonwealth v. Rupp, supra, and the case of Commonwealth v. Mosholder, supra, the indictments charged the defendants with the sale of condoms and contraceptives. In spite of that fact courts of Allegheny and Cambria Counties determined that section 525 of The Penal Code of 1939, which repealed the Acts of 1870 and 1897, supra, no longer makes the sale of contraceptives an offense under the statute. Certainly, it does not prevent the sale or keeping for sale of patent medicines, that being what defendant in the case now under consideration was charged with.

We have reached our conclusion in this case very reluctantly, feeling as we do that the sale, or keeping for sale, of contraceptives, outside of medical channels, ought to be, and probably was intended to be, prohibited by the legislature of 1939, just as it was considered to be by the legislature of 1897. We hope this case and the Allegheny and Cambria Counties cases are called to the attention of the legislature, so that it may pass upon the question as to whether or not the people want the provisions of the Act of 1897 restored to the Criminal Code. The legislature did see fit to make it a penal offense to vend these articles through vending machines, as appears by reference to section 659 of the Act of June 24, 1939, P. L. 872. It is now for the legislature to say in plain language, if it so desires, what the legislature said when it passed the Act of May 12, 1897, P. L. 63, sec. 2.

For the reasons stated we make the following

*Order*

Now, October 26, 1948, after argument and upon due consideration defendant's motion for a new trial is denied and a new trial is refused.

*Order*

Now, October 26, 1948, defendant's motion in arrest of judgment is sustained, and defendant is discharged upon payment of the costs.