## Commonwealth v. Montgomery

*Lee B. Lansberry,* district attorney, and *Alfred Jackson,* assistant district attorney, for Commonwealth.

*Nathan W. Stuart,* for defendant.

WILLIAMS, J., November 12, 1948.—Defendant was convicted by a jury on a charge of indecent assault upon the person of two small girls, one Patricia Leiphart, age 11, and the other Carol Sipp, age 10 years.

Defendant now asks for a new trial. The sole question is as to whether or not there was sufficient testimony to submit the matter to a jury.

Indecent assault is a common-law offense which has been defined as the taking by a man of indecent liberties with the person of a female without her consent and against her will: Commonwealth v. DeGrange, 97 Pa. Superior Ct. 181.

At common law the age of consent is 10 years: Commonwealth v. Hunter, 81 Pitts. L. J. 333. It has been so held by the appellate courts in the case of rape: Commonwealth v. Exler, 243 Pa. 155; Commonwealth v. Miller, 80 Pa. Superior Ct. 309.

It is therefore necessary to look at the testimony to see if the two young girl victims of defendant's actions consented to the maneuverings of defendant.

Patricia Leiphart testified as follows:

"Q. You also stated that he put his hands on, and played with your private parts, is that correct?

"A. Yes.

"Q. Did you make any move to leave the room at the time?

"A. Yes, I moved and he told me to hold still.

"Q. Did he hold you all the time?

"A. No, he didn't hold me, he told me to hold still."

And on the same page of the testimony, she testified as follows:

"Q. You could have gone out of the room if you had tried to, is that correct?

"A. I don't know.

"Q. You didn't try, then?

"A. No."

We think that this testimony, together with the other circumstances of the case as shown by the testimony, was sufficient for the trial judge to submit the matter to the jury.

The testimony discloses that defendant, a strong and vigorous man, induced these two small and innocent girls to come to his apartment on the second floor of the building, and while he was undressed, with only a loose robe about him, held the little girls and made improper and indecent assaults.

The jury was charged that it was to acquit if in its opinion there was any consent given by the victims.

We are of the opinion that it is impossible to lay down any general rule to define the exact line of conduct which shall be pursued by an assaulted female. The strength of the aggressor, and the physical and mental condition of the females, and the situation of the parties, must vary in each case.

In People v. Connor, 126 N. Y. 278, 27 N. E. 252, deciding a case of rape, it was said as follows:

"A young and timid child might, we think, be easily overpowered and deprived of her virtue before she had an opportunity to recover her self-possession and realize her situation, and the necessity of exercising the utmost physical resistance in order to preserve her virtue. It would be unreasonable to require the same measure of resistance from such a person that

would be expected from an older and more experienced woman."

In testifying, the young girl, Patricia Leiphart, said "he told me to hold still". The jury may well have found that this language clearly implied something more than a mere request, and that it may have amounted to duress and implied force on the part of defendant.

We feel that defendant received a fair trial and that there was sufficient testimony for the jury to bring in the verdict they did.

And now, November 12, 1948, the motion for a new trial is refused, and defendant is directed to appear in court on Monday, November 15, 1948, at 11 a.m., for sentence.